[Civ. No. 57733. Second Dist., Div. Two. Apr. 16, 1980.]

JEROME W. ERNST, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LONG BEACH JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

COUNSEL

John A. Vander Lans, City Prosecutor, James M. Hodges, Donald A. Lounsbury and Gerry L. Ensley, Deputy City Prosecutors, for Real Party in Interest and Appellant.

Laurie Belger and Michael Norris for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**COMPTON, J.**—Defendant[1] was convicted in the Municipal Court for the Long Beach Judicial District for violating Vehicle Code section

---

[1] We use the term defendant to refer to the Jerome Ernst who is a party to these proceedings. The need for such distinction, as will be made apparent by our later

23102, subdivision (a) (driving under the influence of intoxicating liquor). On appeal the Appellate Department of the Superior Court of Los Angeles County rendered a decision of unqualified reversal of the judgment of conviction.

In the court where defendant was previously tried he moved to dismiss the action on the grounds that a retrial would place him twice in jeopardy. The motion was denied and the matter was set for retrial. Defendant then petitioned the superior court for a writ of prohibition to block further prosecution. A judge of the superior court, sitting in a department other than the appellate department, granted the petition. The People have appealed. We reverse.

The judgment from which this appeal is taken rests entirely upon the interpretation which the superior court judge in these writ proceedings, placed upon the opinion of the appellate department of that same court. That interpretation was in turn based soley on the judge's reading of the language of the opinion without reference to the underlying record. The opinion itself, as will be noted, contains no recitation of facts. We here set forth the opinion and the decision of the appellate department in full.

"It is manifest that throughout the trial defense counsel made clear to the court and the prosecutor that the identity of defendant was in issue. The statement in the People's brief that 'Appellant's actions raise serious ethical questions and Appellant should not be allowed to escape prosecution by means of the trickery employed in the instant case' is entirely uncalled for. A simple request by the prosecutor that the court order Jerome W. Ernst into court for identification would have solved the problem. (Penal Code section 1043, subd. (e).) It is clear that no proper identification was made at trial. All of respondent's arguments *assume* that appellant was the driver. Obviously *proof* that such was the case is required to sustain a conviction. (*People* v. *Kelley* [1937] 27 Cal.App.2d Supp. 711 [70 P.2d 276].) That proof is lacking here.

"The judgment is reversed."

This opinion and decision were unpublished.

■   Where a reviewing court has determined as a matter of law that the prosecution has failed to present legally sufficient evidence to sus-

---

discussion, is created by the peculiar nature of the contention defendant makes in attacking the conviction.

tain a judgment of conviction, the defendant cannot be retried because to do so would violate the constitutional prohibition against double jeopardy. (*Burks v. United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141].) The court in *Burks* reasoned that at retrial under such circumstances this would permit the prosecution to muster additional evidence which it failed to present at the first trial. This rationale, however, applies only to reversals which are based on the grounds of insufficient evidence and not to reversals based on procedural grounds or evidentiary rulings. (See *Burks v. United States, supra,* at p. 14, fn. 8 [57 L.Ed.2d at p. 11].)

The judgment in these writ proceedings is based on the judge's conclusion that the appellate department's reversal was for insufficiency of the evidence.

In order for us to be fully informed of the background of the case we have, on our own motion, taken judicial notice of the case file of the Long Beach Municipal Court and the case file of the Appellate Department of the Los Angeles Superior Court. The result, to say the least, was extremely enlightening.

The file of the appellate department reflects that the decision was based on an engrossed statement of facts which we will discuss, *infra.* At this juncture the significant part of the appellate department's file is that defendant requested the appellate department to order a dismissal of the complaint. The appellate department refused and instead ordered an unqualified reversal, the effect of which was to remand the matter to the trial court for a new trial. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 543, p. 4484.)

Presumptively the judges of the appellate department are as familiar with the law as the judge who presided over these writ proceedings. Certainly they knew, as well as anyone, the reason for their decision. If the appellate department was of the opinion that the defendant could not be retried, it would have reversed the judgment with directions to dismiss the action.

■ While the term "opinion" is often used interchangeably with the term "decision," the terms are not equivalent. The decision of a court is its judgment. (*Houston v. Williams* et al. (1859) 13 Cal. 24.) An opinion is merely a statement of reasons for the decision. The decision of the

appellate department, then, was simply a reversal and remand for a new trial. The municipal court was entitled, if not required, to rely on that judgment or decision.

Defendant's appropriate remedies at that time were to request a certification to the Court of Appeal (Code Civ. Proc., § 911; Cal. Rules of Court, rules 62, 63) and failing that to apply for extraordinary relief by way of an original proceeding in the Court of Appeal. (Compare *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; *Dvorin* v. *Appellate Dept.* (1975) 15 Cal.3d 648 [125 Cal.Rptr. 771, 542 P.2d 1363].) Defendant pursued none of these avenues of relief.

Insofar as the Superior Court of Los Angeles County is concerned, the appellate department's decision remanding the case for a new trial was res judicata on the issue of whether or not a retrial would constitute double jeopardy. These writ proceedings were an improper collateral attack on that judgment in a court at the same level.

Rather than decide this case on that narrow issue, however, we feel it is in the best interests of the parties and the administration of justice, to deal with the fundamental issue raised by the case and hence we treat the matter in the same fashion as if it were before us on an application for extraordinary relief in an original proceedings in this court. We are in part motivated to take this approach by the seriousness of the charge involved and the desire to prevent perpetuation of the error which permeates this case. We were recently instructed by our Supreme Court in *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854], that the problem of drunk driving in California constitutes an extremely serious social problem.

We view the issue before us as whether the appellate department's decision remanding the case for a new trial was correct and whether such retrial would place the defendant twice in jeopardy.

The appellate department is not required to write an opinion giving its reasons for a decision. (Rule 106 of the Cal. Rules of Court.) An opinion may shed light on the decision where the decision is unclear but the opinion will not be looked to in order to nullify the decision or judgment. (*Rogers* v. *Hill* (1933) 289 U.S. 582 [77 L.Ed. 1385, 53 S.Ct. 731, 88 A.L.R.3d. 744]; *Strudthoff* v. *Yates* (1946) 28 Cal.2d 602 [170 P.2d 873].)

As will be seen from the facts and contentions upon which the appellate department acted, the rather short terse opinion which preceded the judgment contains imprecise, if not incorrect, language in describing those facts and contentions and, in our opinion, reaches an incorrect result.

If it were in our power to do so we would set aside the decision ordering reversal of the judgment. In the procedural posture of this case we lack that power but we can consider the underlying facts and the error of the decision in determining whether a retrial will offend the constitutional prohibition against double jeopardy.

The record before the appellante department, as noted, contained an engrossed statement of facts. That court was not empowered to reweigh those facts but was required, by the usual rules governing appellate review, to view those facts most favorable to the judgment. The essential facts were uncontroverted.

Those facts can be briefly summarized as follows:

An individual who identified himself as Jerome Ernst was arrested at the scene of an accident when an automobile, he was observed to be driving, collided with a vehicle driven by another individual. The combined testimony of the investigating police officer and the other driver established that Ernst had been driving a vehicle while intoxicated and failed to pass a field sobriety test. Ernst was placed in a police vehicle and taken to the station and booked. At the station he was given a chemical breath test which indicated a blood alcohol level of .20. The arrest occurred on September 16, 1977. On September 20, 1977, a complaint was filed in the Long Beach Municipal Court charging Jerome Ernst with a violation of Vehicle Code section 23102, subdivision (a). Arraignment was set for September 23, 1977.

On the date set for arraignment, this defendant appeared in court and answered to the complaint. Arraignment was continued to October 7, 1977. On this latter date, defendant again appeared without counsel and knowingly and voluntarily waived his right to counsel and pleaded not guilty. Trial was set for November 18, 1977.

On November 10, 1977, defendant appeared in court with counsel and requested a continuance to November 30, 1977. This request was granted.

Finally on December 6, 1977, after several continuances, the case was transferred to a trial department for trial. Defendant, in writing, waived jury and also waived his *right to be personally present during trial.* He then absented himself from the courtroom. (*We observe that up to this point neither defendant nor his counsel made any contention that he was not the same person charged in the complaint. In fact, his answering to the name at the arraignment was an admission of that fact.*)

Prior to commencement of trial, defendant's counsel stipulated that the results of the chemical breath test were correct. At the trial the investigating officer and the driver of the other car testified to the facts of the accident and arrest as set forth above.

During the trial defendant was not present in the courtroom and presented no evidence. Defendant's counsel interposed repeated objections to the officer's referring to the person he arrested as the defendant and to the officer's testimony that the person he arrested identified himself as Jerome Ernst. The grounds stated for such objection were that the testimony was hearsay. At the close of the evidence defendant's counsel moved for an acquital under Penal Code section 1118 on the ground that his client was not shown to be the same person described by the witnesses.

In his appeal to the appellate department defendant couched his contentions in an argument that there was no admissible evidence of the identity of the drunken driver and that all such evidence of identity was hearsay.

It is true, as the appellate department points out in its opinion with a case citation, that the crime of driving under the influence requires proof of both the elements of driving and the influence of intoxicants. Both of these elements, as is the case in any criminal prosecution, may be proved circumstantially. The appellate department's statement in its opinion to the effect that there was no proof that defendant was the driver is simply incorrect and indicates a misunderstanding of the issue presented.

The facts are uncontroverted and the defendant does not contend otherwise, that on September 17, 1977, an individual identified as Jerome Ernst committed a violation of Vehicle Code section 23102, subdivision

(a) *and that he was arrested and charged in a criminal complaint.* At the trial on that complaint the guilt of that individual was conclusively established as to both elements of the offense.

The only issue presented to the appellate department was, in reality, *whether the defendant was shown to be the same person who was charged in the complaint.* This issue was raised by defendant in challenging the propriety of admitting the testimony of the officer to the effect that the person he arrested identified himself as Jerome Ernst. That challenge raises the questions (1) can the trial court take notice of its own files and proceedings to establish that the person appearing before him was the person arrested and charged, and (2) is it an absolute requirement that the witness directly identify the defendant in court as the person arrested and charged?

We feel compelled to observe that the objective of a criminal trial is a search for the truth and not a "game" in which the parties engage in tactical ploys designed to frustrate that objective. (Witkin, Cal. Evidence (2d ed. 1966) § 938, p. 879; *People v. Riser* (1956) 47 Cal.2d 566 [305 P.2d 1].) If this matter had not reached the stage in which we now find it we could not have believed that the stratagem practiced by the defendant in this case could have met with the degree of success that it has thus far. Further, we are disturbed that the privilege afforded a misdemeanor defendant, for his convenience, to absent himself during the trial, should be turned into a device for frustrating the efficient operation of the courts. If the result of this case were to be countenanced, judges would have no choice but to insist on the personal presence of all misdemeanor defendants to the detriment of those who, for valid reasons, desire to be absent.

■ The identity of the perpetrator of a crime is not a part of the corpus delicti, (1 Witkin, Cal. Crimes, Elements of Crime, § 88, pp. 84-85; *Simmonds v. Superior Court* (1966) 245 Cal.App.2d 704 [54 Cal.Rptr. 195]) and an individual may be charged under a fictitious name (Pen. Code, §§ 953, 959, subd. 4, 989). These rules apply with equal force to violations of Vehicle Code section 23102.

Here the arrestee identified himself to the officer as Jerome Ernst. The officer's testimony to that effect was not hearsay but was the recounting of a verbal act, i.e., the spoken words. The evidence of the fact that the arrestee identified himself by this specific name was therefore

properly admissible. Whether or not he gave his correct name is irrelevant.

One of the functions of an arraignment is to ascertain the true name of the person charged. When the case against the arrested Jerome Ernst was called on the appointed day for arraignment, this defendant answered and acknowledged that that was his true name.

Defendant was given a copy of the complaint. That complaint made reference to a police department booking number. Beyond that, it contained a home address, date of birth, vehicle description, vehicle license number and driver's license number for the person charged in the complaint.

The municipal court file containes an "OR Release and Notice to Appear in Court" under the same booking number referred to in the complaint. That form was executed on September 17, 1977, and included a promise to appear in the Long Beach Municipal Court on September 23, 1977. It was signed "J. W. Ernst." The home address listed is the same as in the complaint.

It takes no handwriting expert to conclude that the signature on the promise to appear is the same as defendant's signature on the written waiver of jury and right to personal presence during trial. The trial court had all of these facts properly before it.

In short, there can be no question but what the person arrested was the person charged in the complaint to which defendant responded at arraignment. And there is no question but what defendant was the person charged in that complaint. If he was not, we might ask how he happened to be in the court on the date that the arrestee had promised to appear for arraignment, and why he responded when the case was called.

The parties here have addressed considerable argument to the question of whether the trial court had the power to compel defendant to personally appear after the parties had agreed to his being absent. The appellate department was apparently of the opinion that the trial court had such power and was required to exercise it. *This was what defendant contended on appeal.*

Penal Code section 977 provides that a person charged with a misdemeanor may appear by counsel alone. Penal Code section 1043, as it

read at the time of the trial in this case, provided that if a defendant has authorized his counsel to proceed in his absence pursuant to Penal Code section 977, the court *shall* proceed with the trial in his absence, unless there is good cause for continuance.

As we have previously pointed out, defendant at no time prior to trial raised the issue that he was not the person charged in the complaint. Hence, nothing was presented to the trial court to suggest the need for defendant's presence or the need to continue the matter for that purpose.

The trial took place on the same day that the defendant signed the waiver of appearance. It commenced almost immediately after the execution of the waiver and consumed less than a full court day. Because of this compacted time frame, ordering defendant into court for identification, as the appellate department suggests, would have been tantamount to simply denying him the right to be absent. Defendant was thus in the untenable position of contending that the trial court should have denied his exercise of that right and the thrust of the appellate department opinion was that it was error, of which the *defendant* could complain, for the trial court to *permit* him to *exercise* a right.

We have little doubt that a trial court at all times has the *power* to order a defendant to personally appear where necessary to properly conduct the trial. (*Beasley* v. *Municipal Court* (1973) 32 Cal.App.3d 1020 [108 Cal.Rptr. 637].)[2] As it turns out, in this case, the exercise of such power would have undoubtedly forestalled the reversal by the appellate department and the later issuance of the writ of prohibition. The fact is, however, that under the circumstances the personal presence of the defendant was neither required nor necessary to the validity of the conviction.

Assuming hypothetically that this defendant had remained in the courtroom at all times, but because of a change in appearance or because his face for some reason was swathed in bandages, the officer and the civilian witness could not identify him as the intoxicated driver, he could have still been convicted on the identical evidence that was presented to the trial court, which evidence, along with the records available to the trial judge, indicated that the defendant who appeared in court was in fact the same person who had been arrested and charged in the complaint.

---

[2]A recent amendment to Penal Code section 1043 makes that power clear.

We might suggest further, albeit facetiously, that if defendant was not the person charged in the complaint then he has never been in jeopardy and the entire proceedings were a nullity. The complaint remains on file and will provide a basis for prosecuting the *real* Jerome Ernst if and when he appears in court.

There is, however, no doubt that the entire proceedings involved one and the same person.[3] This defendant, by his own action of absenting himself from the courtroom, has obtained a reversal of his conviction, improperly in our opinion, and he cannot now be heard to complain of a retrial where the perceived technical error, which he brought about, can be corrected.

■ In conclusion, then, our review of the record shows that there was uncontroverted and overwhelming evidence of defendant's guilt. The only rational interpretation of the appellate department's ruling is that that court was of the erroneous opinion that the law required an in-court identification of defendant as the arrestee and that the other evidence of identity was improperly admitted. This was a reversal based on preceived errors of law and procedure and was not based on the grounds that the evidence of defendant's guilt of the offense was legally insufficient. It could not have been otherwise.

A retrial, which is more than that to which defendant is legally entitled, will not result in the prosecution having an opportunity to muster evidence which it failed to present at the first trial. Hence, the rationale of *Burks* v. *United States, supra*, 437 U.S. 1, is not applicable.

The judgment is reversed, the matter is remanded to the trial court with directions to enter a judgment denying the petition for writ of prohibition.

Fleming, Acting, P. J., and Beach, J., concurring.

A petition for a rehearing was denied May 6, 1980, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied June 12, 1980. Bird, C. J., Mosk, J., and Manuel, J., were of the opinion that the petition should be granted.

---

[3]At oral argument, counsel conceded that this was the fact.