Opinion
SAETA, J.
Defendant was charged with seven counts of violating Penal Code Section 476a (issuing checks without sufficient funds). He *Supp. 10 was convicted of all charges by a jury. On appeal he claims that his right to be present during trial and sentencing was violated.
Defendant waived counsel and represented himself during these proceedings until after judgment was entered. The matter was transferred to the trial court for trial on August 23, 1979. The court ascertained that the trial must commence by August 27 pursuant to Penal Code section 1382. Defendant indicated that he would be admitted into a hospital for surgery on August 27 and would not be released until about September 6. The court inquired if defendant would waive his right to a speedy trial so that the trial could be put over until defendant was discharged from the hospital and defendant declined to do so. Thereafter, defendant’s demurrer was overruled and his motion to dismiss for lack of a speedy trial was denied and the trial commenced. The jurors were selected and evidence was introduced on August 24.
At 4:15 p.m., on August 24 the court declared a recess until Monday August 27, the next court day, at 9:30 a.m. The court admonished defendant as follows: “I don’t know if you have been late to court or simply been out in the hallway when the court has opened at various times. But now, once we start the trial, if you’re late, we’ll just start without you. So be here on time at 9:30 Monday.” Shortly thereafter defendant stated “I will have to reschedule my hospital appointment.” The court replied: “Yes. You had the option to continue the case which you said you didn’t want to waive your right to speedy trial. So that means that we’ll expect you on the 27th. And if you’re not here, we’ll just have a trial without you. And I’m sure you’d like to be here.” The defendant replied: “This is a matter of life and death.” (We cannot tell from this comment whether the trial or the operation was a matter of life and death but we assume, for the purposes of this opinion, that the trial judge interpreted this as meaning the trial, not the operation.)
The following Monday at 9:43 a.m., the court called the case and defendant was not present. The judge inquired of the clerk as to whether defendant had called. He had not done so. The judge then made a finding, without further inquiry, that defendant had voluntarily absented himself from the trial and ordered the trial to resume. The People finished their presentation of evidence and argued the case. The court instructed the jury and it retired to the jury room at 10:45 a.m., returning at 11:22 with the guilty verdicts. The court noted that the defendant was not in court and set sentencing for August 31, 1979 at 9 a.m. De *Supp. 11 fendant’s bail was forfeited and a bench warrant was issued. There is no indication in the record that any notice was ever given to defendant of the date set for sentencing.
On August 31, 1979, at 9:15 a.m., the judge noted that the defendant was not in court and sentenced him in absentia without making any inquiry as to whether defendant was knowingly absenting himself from that hearing. Defendant was sentenced to 170 days in jail.
Article I, section 15 of the California Constitution gives every defendant the right to be present in court at all stages of a criminal proceeding. It is permissible, however, for a defendant to be absent from any stage of the criminal proceeding provided he absents himself with full knowledge that the trial is being had. People v. Semecal (1968) 264 Cal.App.2d Supp. 985 [69 Cal.Rptr. 761]. The Legislature has implemented this ability to be absent, so far as it pertains to this case, in Penal Code sections 1043 (trial) and 1193 (sentencing). The key issue, when a defendant is absent during a criminal proceeding, is whether the waiver of the right to be present is a knowing and intelligent one. (People v. Semecal, supra; People v. Kriss (1979) 96 Cal.App.3d 913 [158 Cal.Rptr. 420].)
The trial court here failed to adequately ascertain whether the defendant’s absence at trial or sentencing was a knowing waiver of his right to be present. People v. Connolly (1973) 36 Cal.App.3d 379 [111 Cal.Rptr. 409] indicates the procedure the trial court should have followed. The court had the discretion, under Penal Code section 1043, subdivision (e)(4) to proceed with the trial “if the court finds the defendant has absented himself voluntarily with full knowledge that the trial.. .is being held.” While the judge articulated a finding of knowing absence, this finding could have been based solely on the colloquy of the preceding day, noted above, and the inquiry of the clerk resulting in the information that the defendant had not called the court. People v. Connolly, supra, holds that the court must have sufficient facts before it before it can find that, prima facie, the absence is voluntary. In Connolly, the court inquired of the defendant’s wife and neighbor and had several phone calls made to find out where the defendant was. The trial was put over to the afternoon session. Only then did the court go forward with the trial. We hold that the judge in our instant case made an insufficient attempt to answer the crucial question of “Why is the defendant absent?” People v. Connolly, supra at page 385. At the least, *Supp. 12 the court should have had the clerk inquire of the hospital or at defendant’s residence to find out where the defendant was. We realize that the trial judge was faced with a difficult problem created by the conflict of defendant’s surgery and his speedy trial rights. However, we are bound by the authorities we have cited.
The record shows that no inquiry was made of defendant’s whereabouts at the time of sentencing. The court knew that defendant had not been informed of the date and time set for sentencing and that no attempt had been made to inform defendant of that hearing. No finding was made of a knowing and intelligent waiver of the right to be present at the hearing, nor could such a finding have been made given the lack of notice to the defendant. The court should have made some inquiry as to where the defendant then was. In order to retain jurisdiction over the defendant, the court should have revoked bail and issued a bench warrant. This would have satisfied the procedural requirement of Penal Code section 1449 regarding the time for pronouncement of judgment. In any event, a failure to pronounce judgment within five days of the recording of the misdemeanor verdicts would not require the holding of a new trial. (In re Elsholz (1964) 228 Cal.App.2d 192, 198 [39 Cal.Rptr. 356].)[1] (The procedure is different for felonies: Under Pen. Code, § 1202 a failure to timely sentence mandates a new trial.)
Defendant tried to obtain a hearing from the trial court on the issue of whether he had absented himself from the trial and sentencing voluntarily. He filed a motion for new trial and a motion to vacate the sentence on September 25. At the same time he filed a “limited withdrawal” of the notice of appeal which had been filed September 7. The court denied the new trial motion as untimely (sentence having already been pronounced; Pen. Code, § 1182). It did not rule on the motion to vacate the sentence but commented, according to the docket, that the limited withdrawal of the notice of appeal was a procedure “unknown to the court.” Defendant wished to present his excuse for not being present at the trial and sentencing. This was proper under People v. Connolly, supra, unless the trial court had lost jurisdiction to hear his excuse. The record on appeal was not filed in this court until December 12, 1979. Until the record is filed, the trial court retains jurisdiction over the case if the defendant abandons the appeal. (Cal. Rules of Court, rule 188.) The defendant’s withdrawal of the notice of appeal was tantamount to an abandonment of the appeal for the purpose of vesting the trial court *Supp. 13 with jurisdiction to determine whether or not defendant knowingly absented himself from the trial and sentencing proceedings. Defendant’s withdrawal indicated that his purpose was to restore jurisdiction to the trial court and indicated that a new notice of appeal would be timely filed if his motions were denied. It appears to us that this was an eminently practical way to proceed and had the trial court entertained the motions made by defendant, this appeal may not have been necessary.
At this point from the record on appeal we do not know if defendant voluntarily was absent from the trial court. Pursuant to the procedure set forth in People v. Connolly, supra, we think the trial court should make that determination after defendant is given full opportunity to explain his absence and the People are given full opportunity to contest any facts brought forward by the defendant. Even though we hold that the trial court’s finding of voluntary absence from the trial is unsupported, it may be, after a hearing, that the court will find a waiver of the right to be present at the trial and/or sentencing hearing. Therefore, we do not order a new trial but order the judgment reversed and the case remanded for the hearing specified in this opinion. If the trial court determines that defendant knowingly absented himself from trial and sentence, the original sentence may be reimposed. If the trial court finds that defendant did not knowingly absent himself from sentencing but was knowingly absent from trial, he must be resentenced. If the trial court finds that defendant was not voluntarily and knowingly absent from trial, the matter should be reset for a new trial. (See People v. Ingram (1978) 87 Cal.App.3d 832, 843 [151 Cal.Rptr. 239].)
The judgment is reversed with directions to proceed in accordance with this opinion.
Bigelow, Acting P. J., and Fainer, J., concurred.

In re Hemstreet (1912) 18 Cal.App. 639 [123 P. 984] does not hold to the contrary. In Hemstreet the defendant objected to the delay in his sentencing.