[Civ. No. 57647. Second Dist., Div. Two. Sept. 22, 1980.]

LAWRENCE KHOURY, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Mark Kaiserman and Stephen F. Moeller, Deputy Public Defenders, for Plaintiff and Appellant.

John H. Larson, County Counsel, and David B. Kelsey, Deputy County Counsel, for Defendant and Respondent.

Burt Pines, City Attorney, Jack L. Brown, Ray L. Hart and Greg Wolff, Deputy City Attorneys, for Real Party in Interest and Respondent.

---

OPINION

FLEMING, J.—Appeal from the superior court's denial of a writ of mandate directing the municipal court to dismiss a misdemeanor prosecution against Lawrence Khoury, and to recall a bench warrant it issued for his arrest when he failed to appear for trial. We affirm.

The police report states that Lawrence Khoury and his codefendant Robert Kalina were arrested in Griffith Park on the afternoon of December 9, 1977, by two Los Angeles police officers, who observed defendants engaging in oral copulation on one of the park's hiking trails. On December 21 a misdemeanor complaint was filed charging defendants with committing a lewd act in public. (Pen. Code, § 647, subd. (a).) On January 23, 1978, Khoury was arraigned and pleaded not guilty. Trial was set for February 27 in the master calendar division of the Los Angeles Municipal Court. Khoury, released on his own recognizance, executed a written promise to appear.

On the morning of February 27 Khoury, who had recently been released from the hospital, appeared in the master calendar division with his attorney, a deputy public defender. However, before the matter was called for assignment to another courtroom for trial, Khoury informed his counsel that he was not feeling well and, with his attorney's permission, he then absented himself from the master calendar courtroom. Defense counsel later informed the master calendar judge that he had "excused" Khoury and that Khoury had authorized him to appear in his absence pursuant to Penal Code sections 977, subdivision (a) and 1043, subdivision (e).

Penal Code section 977, subdivision (a) provides that a person charged with a misdemeanor may appear by counsel only. Penal Code section 1043, subdivision (e) provides that if the defendant has authorized his counsel to proceed in his absence pursuant to Penal Code section 977, subdivision (a), the court shall proceed with the trial in his

absence, unless there is good cause for a continuance. Section 1043, subdivision (e), however, also provides that "if there is no authorization pursuant to [Pen. Code, § 977, subd. (a)] and if the defendant fails to appear in person at the time set for trial or during the course of trial, the court, in its discretion, may do one or more of the following, as it deems appropriate: (1) Continue the matter. (2) Order bail forfeited or revoke release on defendant's own recognizance. (3) Issue a bench warrant. (4) Proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held." Section 1043 concludes by stating that "nothing herein shall limit the right of the court to order the defendant to be personally present at the trial for purposes of identification unless counsel stipulate to the issue of identity."

At bench, the master calendar judge trailed the matter to the following day and ordered all parties to appear. Khoury, however, failed to appear on February 28, and the matter was then trailed on a daily basis to March 2. On each occasion the court ordered all parties to appear but Khoury failed to do so. On March 2 the master calendar judge announced that he intended to order a bench warrant for Khoury's arrest, but that he would stay its issuance until March 6. Defense counsel then repeated that Khoury had authorized him to appear in his absence and that the defense was ready to proceed with trial. The court pointed out that defense counsel had neither filed a written waiver from his client nor given the court an opportunity to review any oral waiver. The prosecutor then added that identity was an issue in the case, thus requiring Khoury's presence at trial. Defense counsel responded that he would stipulate that "the person who was arrested was the person who [was] charged in the complaint," but that he would not stipulate that the person arrested committed any specific acts. The prosecutor rejected defense counsel's proposal and stated that he would not stipulate on the issue of identity. The court concluded the March 2 hearing by ordering a bench warrant for Khoury's arrest, but to be held until March 6. When Khoury again failed to appear on March 6, the court took the matter off calendar, revoked Khoury's release on his own recognizance, and issued the warrant for his arrest.

On March 17, 1978, Khoury petitioned the superior court to order the municipal court to recall the bench warrant and to dismiss the action against him because he had not been brought to trial within 45 days of his arraignment (Pen. Code, § 1382). The superior court concluded that the municipal court had acted within the discretion

conferred upon it by Penal Code section 1043, subdivision (e) in ordering defendant to appear personally at trial, in issuing the warrant for his arrest when he failed to do so, in holding the warrant to give his attorney time to contact him, and in finally taking the matter off calendar when he failed to appear as ordered on March 6. The court also concluded that the failure to bring the defendant to trial within the statutory period was the result of defendant's own conduct in failing to comply with the court's orders and that his right to a speedy trial had therefore not been violated. On December 28, 1978, the superior court entered its judgment denying the writ of mandate. Khoury appealed.

■ Penal Code section 1043, subdivision (e) clearly empowers the trial court to order a misdemeanor defendant to personally appear when necessary to properly conduct the trial. (*Ernst* v. *Municipal Court* (1980) 104 Cal.App.3d 710, 720 [163 Cal.Rptr. 861].) At bench, the People's refusal to stipulate on the issue of identity clearly necessitated the defendant's presence at trial. Further, the statute directs the trial court to proceed in the misdemeanor defendant's absence only when it finds that the defendant "voluntarily" and knowingly relinquished his right to appear personally and authorized his attorney to proceed without him. (See *People* v. *Kriss* (1979) 96 Cal.App.3d 913, 917 [158 Cal.Rptr. 420].) ■ As both lower courts made clear, the municipal court in the instant case was not given any opportunity to review Khoury's purported waiver of personal appearance or the validity of counsel's authorization to proceed in his absence. In view of that fact and the fact that Khoury had signed a written promise to appear, we think the municipal court acted well within its discretion in ordering him to do so. The court also acted properly in revoking Khoury's release on his own recognizance and in issuing the bench warrant for his arrest when he failed to comply with its order to appear. Finally, the superior court correctly concluded that defendant's failure to be brought to trial within the statutory time limit was caused by his own conduct. The writ therefore was properly denied.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1980. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.