[Civ. No. 26054. Fourth Dist., Div. One. July 2, 1982.]

RANDY OLNEY, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE EL CAJON JUDICIAL
DISTRICT OF SAN DIEGO COUNTY, Defendant and Appellant.

**COUNSEL**

Donald L. Clark, County Counsel, and Lloyd M. Harmon, Jr., Chief Deputy County Counsel, for Defendant and Appellant.

Tom Adler for Plaintiff and Respondent.

Nelson P. Brav and Peter S. Doft as Amici Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**WORK, J.**—The Municipal Court of El Cajon Judicial District (Municipal Court) appeals a judgment granting a peremptory writ of

mandate commanding the municipal court to set aside its blanket policy of requiring misdemeanor defendants to personally appear at every readiness and sentencing hearing and, instead, allow them to appear through their attorneys unless the specific facts and circumstances of an individual case justify ordering a defendant to make a personal appearance. Municipal court also appeals the award of attorney fees under Code of Civil Procedure section 1021.5. We conclude the writ and the attorney fees award are proper and affirm the judgment.

*Factual and Procedural Background*[1]

Olney was charged with two misdemeanor offenses, driving under the influence of alcohol (case no. C01313) and being under the influence of alcohol in a public place (case no. C99467). Olney's counsel, appearing on his behalf and in his absence, entered a plea of not guilty in case no. C99467. A readiness conference was set on January 27, 1981, later continued to February 20, 1981. On February 6, 1981, his counsel, appearing again for him in his absence, entered a plea of not guilty in case no. C01313. A readiness conference was then set for February 20, 1981, in order to consolidate the two matters. At arraignment in both cases, counsel was required to sign a form providing: "DEFENDANT MUST BE PERSONALLY PRESENT AT THE READINESS HEARING UNLESS HE RESIDES OUT OF THE COUNTY. HE MUST ALSO BE PRESENT AT THE TRIAL." At the continued conference on February 27, 1981, Olney's counsel appeared again for him in his absence and entered negotiated pleas to reckless driving (case no. C01313) and being under the influence of alcohol in a public place (case no. C99467). He represented to the court his client had authorized him to represent his interests in entering the pleas and sentencing. The court refused to sentence Olney *in absentia*, stating it was the uniform practice of the court to require the presence of defendants at sentencing and ordering Olney to be present at sentencing scheduled for April 10, 1981.[2]

On March 25, 1981, Olney petitioned for writ of mandate on behalf of himself and all others similarly situated, to compel the Municipal Court to allow him and all others within his class to appear before it solely through their counsel and without the necessity for personal ap-

---

[1]The factual record is not in dispute.

[2]Apparently, the majority of misdemeanor sentencings before the municipal court occur at the readiness conference. Consequently, the municipal court's policy requiring defendants' presence at sentencings is a de facto policy requiring their appearance at the readiness conference.

pearance in misdemeanor proceedings. ■ ■■■ Apparently an alternative writ of mandate and stay order was issued because on June 8, 1981, the superior court issued a peremptory writ of mandate commanding the Municipal Court "to allow ... [Olney] and all others similarly situated to appear through their attorneys to re[s]pond to the charges against them unless in individual cases where the particular facts and circumstances of the case justify ... [the ordering of an] individual defendant to appear in person at any stage of the proceedings."[3] On July 15, 1981, the findings of fact and conclusions of law were signed and filed, reserving for 30 days jurisdiction over any request for attorney fees. Judgment was entered two days later. Olney filed a motion for attorney fees and costs on August 5, 1981. After the motion was heard, the court awarded Olney attorney fees in the amount of $1,824.00 on September 30, 1981.

### The Peremptory Writ of Mandate Was Properly Issued

■ The municipal court contends the superior court erred in issuing the peremptory writ of mandate because there exists no statutory limitation on the power of a municipal court to require the personal presence of a misdemeanant at the time of sentencing.

Article I, section 15 of the California Constitution provides every defendant with the right to be present at all stages of the criminal proceedings. (*People* v. *Kriss* (1979) 96 Cal.App.3d 913, 916 [158 Cal. Rptr. 420]; *People* v. *Shelby* (1980) 108 Cal.App.3d Supp. 7, 11 [166 Cal.Rptr. 707].) "While that basic and fundamental right to appear and defend flows from the Constitution, there is no reciprocal constitutional authority to be absent. The right of absence ... is derived from the Legislature." (*People* v. *Semecal* (1968) 264 Cal.App.2d Supp. 985, 990 [69 Cal.Rptr. 761]; *People* v. *Kriss, supra,* 96 Cal.App.3d 913, 916.) In apparent recognition that the possible burden of mandatory personal appearance placed upon a misdemeanant in light of the normally minimal benefit derived from such an appearance (*People* v. *Semecal, supra,* 264 Cal.App.2d Supp. 985, 990) may exceed just punishment for the commission of a lesser crime, the Legislature has conferred upon a defendant in a misdemeanor proceeding "a statutory right to be absent under the Penal Code." (*People* v. *Kriss, supra,* 96

---

[3]Departure from the alternative writ is proper where petitioner is not entitled to the complete relief sought but to a writ more limited in scope. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 169, p. 3933.)

Cal.App.3d 913, 916.) Penal Code section 977[4] provides: "In all cases in which the accused is charged with a misdemeanor only, he may appear by counsel only." Accordingly, section 1429 provides in pertinent part: "In the case of a misdemeanor triable in any inferior court the plea of the defendant may be made by said defendant or by his counsel." Regarding trial, section 1043, subdivision (e) states: "If the defendant in a misdemeanor case fails to appear in person at the time set for trial or during the course of trial, the court shall proceed with the trial, unless good cause for a continuance exists, if the defendant has authorized his counsel to proceed in his absence pursuant to subdivision (a) of Section 977.

"If there is no authorization pursuant to subdivision (a) of Section 977 and if the defendant fails to appear in person at the time set for trial or during the course of trial, the court, in its discretion, may do one or more of the following, as it deems appropriate:

"(1) Continue the matter.

"(2) Order bail forfeited or revoke release on the defendant's own recognizance.

"(3) Issue a bench warrant.

"(4) Proceed with the trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held.

"Nothing herein shall limit the right of the court to order the defendant to be personally present at the trial for purposes of identification unless counsel stipulate to the issue of identity." Section 1148 provides that in misdemeanor cases, the verdict may be rendered in defendant's absence and section 1193, subdivision 2 states: "If the conviction be of a misdemeanor, judgment may be pronounced against the defendant in his absence."

In defining the nature of this statutory right of an accused to be absent from misdemeanor proceedings, case precedent has thus far consistently recognized it to be "conditional" in character. A defendant who absents himself must do so with full knowledge of the pendency of the criminal proceedings, as the waiver of the right to be present must be a

---

[4]All statutory references are to the Penal Code unless otherwise specified.

knowing and intelligent one. (*People v. Shelby, supra*, 108 Cal.App.3d Supp. 7, 11; *People v. Semecal, supra*, 264 Cal.App.2d Supp. 985, 991.) Moreover, the court must be confident that the acts of counsel are authorized by the absent defendant. (*Mills v. Municipal Court* (1973) 10 Cal.3d 288, 305-306 [110 Cal.Rptr. 329, 515 P.2d 273].)[5] However, the right to be absent is further conditioned upon the court's determination defendant's presence is unnecessary; for, "section 1043, subdivision (e) clearly empowers the trial court to order a misdemeanor defendant to personally appear when necessary to properly conduct the trial." (*Khoury v. Municipal Court* (1980) 111 Cal.App.3d 284, 288 [169 Cal. Rptr. 1]; *Ernst v. Municipal Court* (1980) 104 Cal.App.3d 710, 720 [163 Cal.Rptr. 861].) Finally, in harmonizing the cited statutory scheme, the court in *People v. Kriss, supra*, 96 Cal.App.3d 913, 919, held that a "defendant may be absent when the court adjudicates guilt and sentences in a misdemeanor or infraction proceeding if (1) he is represented by counsel, *or* (2) he knowingly and intelligently waives his right to be present."

The foregoing statutory scheme and judicial interpretative authority supports the language of the superior court's peremptory writ, commanding the municipal court to permit misdemeanants to appear through counsel to respond to the charges against them unless the particular facts and circumstances underlying an individual case justify ordering an accused to personally appear at a particular state of the proceedings. The substantive import of the writ constitutes a reasonable and harmonious construction of not only the cited statutory scheme, but also the case precedent interpreting it. It logically extends the qualification to the disputed right at trial in section 1043, subdivision (e), articulated in *Khoury v. Municipal Court, supra*, 111 Cal.App.3d 284, 288, and *Ernst v. Municipal Court, supra*, 104 Cal.App.3d 710, 720, to sentencing, where the statutory scheme, but for section 1193, subdivision 2, is silent. This pragmatic extension is reasonable; for we can easily envision not only cases where defendant's presence would be necessary to properly conduct sentencing but also cases where defendant's presence would be completely unnecessary.

We respectfully disagree with the municipal court's contention it may uniformly require the personal appearance of every misdemeanant at sentencing. Granted, the rationale of guaranteeing separate treatment

[5]However, the court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings. (*People v. Singer* (1981) 115 Cal.App.3d Supp. 7, 11 [171 Cal.Rptr. 587].)

for each defendant underlying the proposed mandate is laudable as well as the providing for each defendant an opportunity to hear and understand each of the conditions imposed at the time of sentencing while permitting the judge to determine defendant's understanding of the matter; however, it cannot be utilized to blindly strip all misdemeanants of their statutory right to be absent and represented by counsel where their particular case does not warrant a personal appearance at sentencing. We concur with the superior court's characterization of the municipal court's directive as a "blanket policy" violative of a misdemeanant's statutory right to appear through counsel. Such a mechanical policy ignores the necessary exercise of judicial discretion which must precede the deprivation of a misdemeanant's statutory right to be absent and appear through counsel. Each misdemeanant must be accorded an individual judicial assessment of his case before any judicial determination requiring his presence at sentencing. Any other result would render the statutory right, provided by section 977, subdivision (a), and the remainder of the statutory scheme, a nullity.

The municipal court argues the whole purpose of its policy is to give it an opportunity to more effectively carry out its duties and responsibilities in performing its discretionary sentencing function. However, we are unpersuaded, especially in light of those cases where a misdemeanant's right to be absent would be cast aside even though his presence would be completely unnecessary for the discretionary disposition of his particular case. Moreover, the articulated requirement of an individual judicial determination of the necessity of a misdemeanant's presence at sentencing not only safeguards the misdemeanant's statutory right in controversy, but also satisfies the proffered purpose of the blanket policy. At the readiness hearing or sentencing, the municipal court can independently review the particular circumstances of the case and exercise its discretion in determining whether good cause exists for ordering the mandatory presence of defendant. By so doing, individualized treatment and the performance of its discretionary sentencing function are guaranteed.[6]

---

[6]The municipal court's apparent contention the superior court's construction of the statutory scheme, as evidenced by the language of the peremptory writ, violates the doctrine of separation of powers is without merit. The mandate does not limit the municipal court's sentencing power, or infringe upon its discretion in exercising that power, but merely guarantees the exercise of that discretion on a case-by-case basis. Granted, by prohibiting the imposition of the blanket policy in dispute, it has regulated the conduct of the municipal court. However, the Legislature is responsible for prescribing the jurisdiction of the municipal courts (art. VI, § 5 of the Cal. Const.) and impliedly may regulate the exercise of that jurisdiction by all reasonable means (com-

## The Award of Attorney Fees Was Proper

■ The municipal court also challenges the attorney fees award pursuant to Code of Civil Procedure section 1021.5.[7]

■ As established by Code of Civil Procedure section 1021.5, *Serrano* v. *Priest* (1977) 20 Cal.3d 25 [141 Cal.Rptr. 315, 569 P.2d 1303], and *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917 [154 Cal.Rptr. 503, 593 P.2d 200], the private attorney general theory for recovery of attorney fees is "designed to encourage private enforcement of important public rights" (*Marini* v. *Municipal Court* (1979) 99 Cal.App.3d 829, 836 [160 Cal.Rptr. 465]), and "to ensure that an aggrieved citizen [has] access to the judicial process where statutory or constitutional rights have been subjected to wholesale trampling" (*Rhyne* v. *Municipal Court* (1980) 113 Cal. App.3d 807, 825 [170 Cal.Rptr. 312]). In assessing whether such fees should have been awarded here, we must consider only the statutory criteria of whether (1) Olney's writ "'has resulted in the enforcement of an important right affecting the public interest,' (2) 'a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons,' and (3) 'the necessity and financial burden of private enforcement are such as to make the award appropriate.'" (See *Woodland Hills Residents Assn., Inc.* v. *City Council, supra*, 23 Cal.3d 917, 935; *Rhyne* v. *Municipal Court, supra*, 113 Cal.App.3d 807, 824.) More precisely, the public right must be important and cannot involve "trivial or peripheral public policies." (*Marini* v. *Municipal Court, supra*, 99 Cal.App.3d 829, 836.) The significance of the benefit conferred must be determined from a realistic assessment of all the pertinent circumstances. (*Ibid.*) Regarding the necessity and financial burden of private enforcement, "[a]n award . . . is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a

---

pare *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 192 [137 Cal.Rptr. 460, 561 P.2d 1148]). This is such a case.

[7]Code of Civil Procedure section 1021.5 provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."

burden on the plaintiff 'out of proportion to his individual stake in the matter.'" (*County of Inyo* v. *City of Los Angeles* (1978) 78 Cal.App.3d 82, 89 [144 Cal.Rptr. 71]; *Marini* v. *Municipal Court, supra,* 99 Cal. App.3d 829, 836.) Finally, the decision to award such attorney fees rests within the sound discretion of the trial court and shall not be set aside absent a clear abuse of that discretion. (*Marini* v. *Municipal Court, supra,* 99 Cal.App.3d 829, 836-837.)

 ██  The municipal court has failed to meet its burden of establishing the superior court abused its discretion in awarding Olney attorney fees. The statutory right involved is important. Individually, the value to Olney of not being required to appear at sentencing is significant only in light of the benefit received by the large class he represents. Unlike *Marini,* the result of this action was not wholly coincidental to the attainment of his personal goals. He stood convicted and, consequently, the result of the litigation would neither alter that reality nor his sentence. His personal goal was simply incidental to the broader violation of the statutory right in dispute held by all within his class. Moreover, he had no personal financial interest in the outcome to offset the litigation expenses incurred. Had he not undertaken this litigation, the common interest of the class he represents in enforcing the statutory right in controversy may never have been vindicated.

*Disposition.*[8]

The judgment is affirmed.[9]

Wiener, Acting P. J., and Reed, J.,* concurred.

On July 27, 1982, the opinion was modified to read as printed above.

---

[8]We do not address the merits of the municipal court's contention the superior court erred in sustaining Olney's hearsay objection to the letter of the presiding judge of the municipal court. Even assuming the superior court erred in excluding it, it is not reasonably probable a result more favorable to the municipal court would have been reached in the absence of the assumed error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

[9]Plaintiff's counsel is also entitled to an award of reasonable attorney's fees for this appeal. (See *Rhyne* v. *Municipal Court, supra,* 113 Cal.App.3d 807, 826-827.) The amount of those fees shall be determined by the trial court after hearing following the filing of the remittitur.

*Assigned by the Chairperson of the Judicial Council.