[No. A039732. First Dist., Div. Two. July 27, 1988.]

BETTY BAXTER SIMMONS, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jeff Brown, Public Defender, Grace Lidia Suarez and Susan Shalit, Deputy Public Defenders, and Peter G. Keane for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, and Martin S. Kaye, Deputy Attorney General, for Real Party in Interest.

OPINION

BENSON, J.—Petitioner, Betty Baxter Simmons, seeks a writ of mandate requiring respondent superior court to set aside its order denying her petition for a writ of mandate and directing it to issue a writ of mandate ordering the municipal court to permit persons charged with misdemeanors and released upon a promise to appear to thereafter appear through counsel, rather than in person, unless the circumstances of an individual case justify ordering an accused to appear in person.

The factual background giving rise to the petition herein is undisputed. Simmons was cited on April 25, 1987, for violation of Vehicle Code section 23152 (driving under the influence of alcohol (DUI)), a misdemeanor, and released upon her promise to appear on June 1, 1987, for arraignment. She contacted the public defender's office and explained to a supervisor of misdemeanor deputies that she could not appear on June 1 because she had a nonrefundable airplane ticket to travel to North Carolina before June 1 and could not return to San Francisco until June 17, 1987. That office determined that Simmons appeared eligible for the services of the public defender and undertook to represent her.

Deputy public defender Susan Shalit met with Simmons before her departure to North Carolina. Shalit was present in the municipal court when the Simmons matter was called on June 1, 1987. She attempted to appear on behalf of Simmons pursuant to Penal Code section 977, subdivision (a).[1] The municipal court refused to accept the appearance of Shalit as an appearance by Simmons and issued a bench warrant for Simmons's arrest, commenting that it would consider signing an "add to calendar" for the

---

[1] Penal Code section 977, subdivision (a), provides: "In all cases in which the accused is charged with a misdemeanor only, he may appear by counsel only."
All further statutory references are to the Penal Code unless otherwise specified.

Simmons matter upon Simmons's return to San Francisco on the ground that the public defender had misadvised her on the law. The court stated that a defendant's appearance in person could be waived only if a written waiver was signed in open court by the defendant, the court and the district attorney.[2]

On June 5, 1987, Simmons filed a petition for a writ of mandate in respondent superior court, seeking an order requiring the municipal court to permit a person charged with a misdemeanor to appear through counsel only pursuant to section 977, subdivision (a). The superior court issued an alternative writ of mandate and temporarily stayed the effectiveness of the bench warrant. Following a hearing on August 11, 1987, the superior court dissolved the stay and denied the petition. It found the reasoning of the municipal court erroneous but ruled that the bench warrant was valid under the provisions of section 978.5, subdivision (a)(4), a section not previously raised or relied upon by the People or the municipal court.[3] This petition followed.

We issued an order to show cause and scheduled the matter on the oral argument calendar. We now determine that a peremptory writ of mandate should issue.

Before reaching the merits of the substantive issue raised herein, we must consider the procedural posture of this case. Simmons entered a negotiated plea of guilty in the municipal court on August 14, 1987, and received a probationary sentence. The People urge us to deny the petition as moot since Simmons is no longer personally aggrieved by the actions of the courts below. Simmons's counsel, on the other hand, urges us to resolve the issue presented on the merits since it is one of broad public interest which is likely to recur. We decide to do so, following the rationale recently expressed by Division Four of this court under similar circumstances: "The cases of the defendants who brought the petition have all been resolved. Although the petition is therefore moot as to the defendants involved in the petition below, this court will consider the substantive issue raised since the ruling will affect the processing of other DUI cases. ▇ '[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event

---

[2] Pursuant to section 977, subdivision (b), a waiver of a defendant's appearance in person in a *felony case* must be by written waiver, executed in open court with leave of the court and approved by the defendant's counsel. (Approval of the prosecutor is not required.) This requirement does not apply to misdemeanor cases.

[3] Section 978.5, subdivision (a)(4), provides: "A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including, but not limited to, the following situations: [¶] If the defendant is released from custody or arrest upon citation by a peace officer or other person authorized to issue citations and the defendant has signed a promise to personally appear in court at a specific time and place."

occurring during its pendency would normally render the matter moot.' (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)" (*Municipal Court* v. *Superior Court* (1988) 199 Cal.App.3d 19, 25 [244 Cal.Rptr. 591].)

Additionally, the petition seeks to represent a class of all persons similarly situated to Simmons prior to her entry of a negotiated plea. Since our decision effectively provides a declaration of the rights under the law of all persons who seek to appear on misdemeanor charges through counsel only, we need not consider the formal request for class action relief. (See *In re Walters* (1975) 15 Cal.3d 738, 744, fn. 3 [126 Cal.Rptr. 239, 543 P.2d 607].)

Section 853.6 sets forth the procedure for release of a defendant arrested on a misdemeanor charge on a written notice and promise to appear in court. Subdivision (d) of that section provides: "The officer [who prepares the written notice to appear in court] shall deliver one copy of the notice to appear to the arrested person, and the arrested person, in order to secure release, shall give his or her written promise so to appear in court by signing the duplicate notice which shall be retained by the officer. Thereupon the arresting officer shall immediately release the person arrested from custody." The notice to appear, commonly referred to as a citation, is prepared on a form approved by the Judicial Council of California. The form states in pertinent part: "Without admitting guilt, I promise to appear [at the time and place indicated]." The citation does not state that the defendant promises to appear "in person." Simmons signed such a citation stating that she would appear at the Hall of Justice at 9 a.m. on June 1, 1987.

Subdivision (f) of section 853.6 provides: "No warrant shall be issued for the arrest of a person who has given a written promise to appear in court, unless and until he or she has violated that promise or has failed to deposit bail, to appear for arraignment, trial, or judgment or to comply with the terms and provisions of the judgment, as required by law."

Section 977, subdivision (a), provides: "*In all cases* in which the accused is charged with a misdemeanor only, he may appear *by counsel only.*" (Italics added.) This provision is part of chapter 1 (entitled "Arraignment of the Defendant") of title 6 ("Pleadings and Proceedings Before Trial") of part 2 ("Criminal Procedure") of the Penal Code. ■ It thus appears from the express language of the statute that the provision that a person charged with a misdemeanor may appear *by counsel only* clearly applies at the arraignment of a defendant released upon a written notice and promise to appear.

The view that a person charged with a misdemeanor violation of the Vehicle Code, as Simmons was here, may appear by counsel only is rein-

forced by specific provisions of that code. Vehicle Code sections 40500 through 40506 provide for the release on written notice and promise to appear of a person arrested for a violation of the Vehicle Code "not declared to be a felony." These provisions parallel in pertinent part the provisions of Penal Code section 853.6. Vehicle Code section 40507 provides: "A written promise to appear in court may be complied with by an appearance by *counsel*." (Italics added.)

■ The People rely, as did the superior court, upon section 978.5. They contend that under subdivision (a)(4) of that section the issuance of a bench warrant was justified because the defendant had signed a promise "to personally appear" in court at a specific time and place and failed "to appear in court as required by law." We conclude that the phrase "as required by law" encompasses an appearance by counsel only since such an appearance is expressly permitted by section 977, subdivision (a). The People contend that any conflict between section 977, subdivision (a) and section 978.5, subdivision (a)(4) must be resolved in favor of the provisions of the latter statute because it was enacted more recently.[4] We perceive no conflict, however, since section 977 authorizes a personal appearance through counsel.

■ Section 977, subdivision (a), confers upon a defendant in a misdemeanor proceeding a "statutory right to be absent under the Penal Code." (*People* v. *Kriss* (1979) 96 Cal.App.3d 913, 916 [158 Cal.Rptr. 420]; *Olney* v. *Municipal Court* (1982) 133 Cal.App.3d 455, 459 [184 Cal.Rptr. 78].)[5] However, the court may, in the exercise of its judicial discretion, order an accused to appear in person at a particular state of the proceedings if "the particular facts and circumstances underlying an individual case justify ordering an accused to personally appear." (*Olney, supra,* 133 Cal.App.3d at pp. 461, 462 [municipal court cannot require misdemeanor defendants to appear in person at readiness and sentencing hearings unless the specific facts and circumstances of an individual case so justify].)

■ The People argue that as a policy matter "an appearance [by the defendant in person] to set bail manifestly is contemplated." We cannot follow the logic in this argument. A cited defendant has been released on his or her own recognizance. If the prosecutor convinces the court that bail is

---

[4] Section 977 was enacted in 1872 and amended in 1880, 1951 and 1968; section 978.5 was enacted in 1981.

[5] The court must be confident that the acts of counsel are authorized by the absent defendant. (*Olney* v. *Municipal Court, supra,* 133 Cal.App.3d 455, 461.) However, the court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings. (*Id.,* at p. 461, fn. 5; *People* v. *Singer* (1980) 115 Cal.App.3d Supp. 7, 11 [171 Cal.Rptr. 587].)

necessary, it may be set under the uniform countywide schedule of bail for misdemeanor offenses (see § 1269b, subd. (d)) and the defendant's presence would ordinarily not be required.[6] Or, if the facts and circumstances so justify, the court can order the appearance of a defendant in person for a bail hearing to consider setting or increasing bail. This might occur at the request of the prosecutor or on the court's own motion. If the defendant then fails to appear, a bench warrant may issue pursuant to section 978.5, subdivision (a)(5), which provides: "A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including, but not limited to, the following situations: [¶] If a defendant is authorized to appear by counsel and the court or magistrate orders that the defendant personally appear in court at a specific time and place."

Let a peremptory writ of mandate issue directing respondent superior court to set aside its order denying Simmons's petition for a writ of mandate and directing it to issue a writ of mandate ordering the municipal court to permit persons charged with misdemeanors and released upon a notice and promise to appear to thereafter appear by counsel only unless the circumstances of an individual case justify ordering an accused to appear in person.

Kline, P. J., and McCarty, J.,* concurred.

---

[6] Under the uniform schedule of the San Francisco Municipal Court, bail for DUI is $500.
* Assigned by the Chairperson of the Judicial Council.