[No. C069958. Third Dist. May 16, 2012.]

JASON ROBERT BRACHER et al., Petitioners, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard Meyer, Public Defender, and Mark A. Ralphs, Assistant Public Defender, for Petitioners.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Real Party in Interest.

OPINION

**HULL, Acting P. J.**—This petition for writ of mandate or prohibition was filed on behalf of three defendants who were charged with misdemeanor offenses in three separate cases. The El Dorado County Public Defender's Office represented the petitioners. Each petitioner asked the El Dorado County Superior Court to allow counsel to appear for the petitioner at a readiness and settlement conference and to excuse the petitioner from personally appearing. The trial court denied each request and required the petitioner's personal appearance at the conference.

Petitioners assert that the trial court acted pursuant to a blanket policy supported by the Superior Court of El Dorado County, Local Rules, rule

5.11.02 (Local Rule 5.11.02). Petitioners claim the court violated state law allowing misdemeanor defendants to appear through counsel unless the court finds good cause based on the particular facts and circumstances of the case.

As we shall explain, petitioners' arguments have merit. Penal Code section 977, subdivision (a)(1) provides that in misdemeanor cases, a defendant "may appear by counsel only" except as otherwise provided by the statute. (Unless otherwise specified, statutory references that follow are to the Penal Code.) Consistent with the statute, case law holds that the trial court may require a misdemeanor defendant's appearance at a hearing only upon a finding of good cause based on the circumstances of a particular case. Although the instant matters are themselves moot, this petition concerns matters of public interest that are likely to recur, yet evade review. Accordingly, we shall grant this petition and afford prospective relief to misdemeanor defendants in El Dorado County.

## Facts and Proceedings

### I

*Statutes and Court Rules*

To understand the trial court's rulings, it is necessary to first review state law and the relevant court rules. Section 977 differentiates between felony and misdemeanor cases in terms of whether a defendant may be required to personally appear at a court hearing.

Section 977, subdivision (a) provides in its entirety:

"(1) In all cases in which the accused is charged with a misdemeanor only, he or she may appear by counsel only, except as provided in paragraphs (2) and (3). If the accused agrees, the initial court appearance, arraignment, and plea may be by video, as provided by subdivision (c).

"(2) If the accused is charged with a misdemeanor offense involving domestic violence, as defined in Section 6211 of the Family Code, or a misdemeanor violation of Section 273.6, the accused shall be present for arraignment and sentencing, and at any time during the proceedings when ordered by the court for the purpose of being informed of the conditions of a protective order issued pursuant to Section 136.2.

"(3) If the accused is charged with a misdemeanor offense involving driving under the influence, in an appropriate case, the court may order a defendant to be present for arraignment, at the time of plea, or at sentencing.

For purposes of this paragraph, a misdemeanor offense involving driving under the influence shall include a misdemeanor violation of any of the following:

"(A) Subdivision (b) of Section 191.5.

"(B) Section 23103 as specified in Section 23103.5 of the Vehicle Code.

"(C) Section 23152 of the Vehicle Code.

"(D) Section 23153 of the Vehicle Code."

Thus, as can be seen, section 977, subdivision (a) provides that in most misdemeanor cases, a defendant "may appear by counsel only" unless certain exceptions apply. One exception provides that "in an *appropriate* case" involving a charge of driving under the influence (DUI) "the court may order a defendant to be present for arraignment, at the time of plea, or at sentencing." (§ 977, subd. (a)(3), italics added.)

Section 977, subdivision (b) applies to felony cases and significantly curtails a defendant's ability to appear solely through counsel. In felony cases, "the court may specifically direct the defendant to be personally present at any particular proceeding or portion thereof." (§ 977, subd. (b)(2).) The statute sets forth a sample form for a written waiver in felony cases and specifies that the waiver used by the court must be in substantially the same form. (*Ibid.*) Further, the statute requires the defendant's personal appearance at various proceedings. It provides in pertinent part: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2)." (§ 977, subd. (b)(1); see § 1043, subds. (a)–(d).)

Local Rule 5.11.02 provides:

"At any and all pretrial conferences, pre-preliminary hearing conferences, preliminary hearings, arraignments on information, and all Readiness and Settlement Conferences, the defendant, defense counsel, and a prosecuting attorney with *full* authority to dispose of the case shall be required to be present, unless previously excused by the Court on good cause shown.

"The presence of the defendant may be excused at a pretrial or pre-preliminary hearing conference provided a 'Waiver of Defendant's Personal

Presence' pursuant to Penal Code section 977(b)(2) has been filed; however, such waiver shall not apply at the calendared Readiness and Settlement Conference and the defendant's personal presence will be required at that time.

"Each counsel shall make every effort to reach a disposition of the case without the necessity of a trial at the pretrial or pre-preliminary hearing conference and prior to the Readiness and Settlement Conference. In order to avoid unnecessary continuances and to facilitate timely resolution of criminal matters, the prosecuting attorney and defense counsel must personally meet and confer with regard to the possible settlement and disposition of each case at least one court day before all pretrial conferences, pre-preliminary hearing conferences, preliminary hearings, arraignments on information, and all Readiness and Settlement Conferences in a good faith attempt to settle each case.

"When counsels [*sic*] are unable to reach a proposed disposition of the matter, negotiations may proceed in chambers until any possibility of disposition has been exhausted. If a negotiated disposition has been reached, any plea or pleas to be entered as a result of the negotiations shall be entered the same day in open court, after the defendant has been fully advised of his or her rights as required by law.

"The Criminal Readiness and Settlement Conference shall be set by the Judge assigned to the Criminal Calendar on a date not more than fourteen (14) calendar days prior to the date set for trial.

"The Readiness and Settlement Conference is the last possible point of negotiation, and thereafter the defendant shall either proceed to trial or plead to the principal charge.

"Following the Readiness and Settlement Conference, no continuance shall be granted except on affirmative proof in open court that the ends of justice so require."

As can be seen, the defendant must appear at all pretrial conferences, preliminary hearings, the arraignment on the information, and certain other proceedings "unless previously excused by the Court on good cause shown." The rule does not distinguish between felony and misdemeanor cases. The local rule refers to execution of the written waiver of the defendant's personal presence as set forth in that portion of section 977 that applies to felony cases.

We note that, under the California Rules of Court, a readiness conference in felony cases is to be held one to 14 days before the date set for trial, and

the defendant is required to be present. (Cal. Rules of Court, rule 4.112(a).) There is no similar requirement for misdemeanor cases in the California Rules of Court.

Even so, the local rule mandates a defendant's appearance at a readiness and settlement conference. The rule provides in pertinent part: "The presence of the defendant may be excused at a pretrial or pre-preliminary hearing conference provided a 'Waiver of Defendant's Personal Presence' pursuant to Penal Code section 977(b)(2) has been filed; however, such waiver shall not apply at the calendared Readiness and Settlement Conference and the defendant's personal presence will be required at that time." (Local Rule 5.11.02.) The rule describes the readiness and settlement conference as "the last possible point of negotiation" and specifies that it shall be set not more than 14 days before trial. (*Ibid.*)

## II

### *The Proceedings Here*

The current petition was filed on behalf of the misdemeanor defendants in three separate cases. The same judge, Daniel Proud, made the decision in each case. We review each matter in turn.

Petitioner Jason Robert Bracher was charged with misdemeanor DUI. He appeared in court with his counsel at a hearing on November 15, 2010. At that time, the parties noted there was a plea offer that would remain open until the readiness and settlement conference. Bracher wanted to discuss the offer with his counsel and requested a continuance. The trial court set the matter for trial and for the readiness and settlement conference.

Bracher's counsel asked "to reserve on the ability to appear 977 at the readiness and settlement conferences." The trial court responded: "Readiness and settlement conferences? You know, those are the ones, even under the Local Rule, require an appearance. Trial setting doesn't, but the readiness and settlement conferences do." The court later explained: "That's pursuant to the Local Rule, and I think that there's some Penal Code sections. I mean, I'll look and see, but it doesn't do us much good to have readiness and settlement conferences, have the parties not here, so that we can enter into a settlement. And we usually do these the week before the trial. [¶] So then everybody starts preparing for trial. We get down here on the trial date, and people say 'Okay. Okay. I'll go ahead and take the deal.' And we've wasted a jury. We've wasted everybody's time and expenses in preparing for trial." The prosecutor suggested that Bracher need not appear if he accepted the plea offer, filled out a change of plea form, and authorized counsel to enter the

plea. The court then reiterated: "But at this point I'm ordering him to be here, unless you hear something different."

Petitioner Susan Sanchez was charged with misdemeanor DUI. Her counsel appeared on her behalf at a hearing on December 6, 2010. At the hearing, the parties discussed setting a new trial date. The court set the matter for the readiness and settlement conference and ordered Sanchez to personally appear at the conference. Her counsel objected, explaining he did not "think the Court has the authority to order her on a misdemeanor." The trial court overruled the objection, stating that it wanted Sanchez there because the court did not "think you can have a valid Readiness and Settlement Conference[] with the client not being present, plus the local rules require the client be present."

Petitioner Rob Allen Johnson was charged with a misdemeanor for unreasonable noise disturbance. He appeared in court with his counsel at a hearing on December 6, 2010. The parties noted the prosecution had made a plea offer and that Johnson was currently rejecting the offer. Counsel requested the matter be set for trial, and the court set the dates for the readiness and settlement conference and for trial. Johnson's counsel objected to having Johnson personally appear at the readiness and settlement conference. The court said: "I don't see how you can settle a case. That's the purpose of a Readiness and Settlement Conference. How can you settle a case without the party being present?" Johnson responded: "I would like to." The court subsequently said it thought it was "a rule of court" rather than "the local rule" that required the defendant to be present at the readiness and settlement conference.

We note that petitioners request this court to take judicial notice of the file in *Anderson v. Superior Court* (Nov. 10, 2010, C064891) where we dismissed the petition as moot. Having reviewed the file, we conclude it is not helpful to our resolution of the current issues. Accordingly, petitioners' request is denied.

## III

### *Judge's Declaration*

In connection with the current writ, real party in interest (real party) has submitted a declaration by Assistant Presiding Judge James Wagoner of the El Dorado County Superior Court. Judge Wagoner describes the background of Local Rule 5.11.02 and comments concerning its application.

Petitioners agree that Judge Wagoner may comment concerning the rationale behind the local rule "and even on the way [it] is applied in his court."

But petitioners complain the declaration is hearsay and lacks foundation to the extent it involves matters occurring outside of his presence, including application of the rule by other judges. Petitioners have not identified those portions of the declaration that are objectionable with any specificity; consequently, their objection may be deemed forfeited. (See generally *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [87 Cal.Rptr.2d 754].) In any case, the declaration provides relevant, nonhearsay evidence that has a bearing on the general court practices in El Dorado County, matters that are presumably within the assistant presiding judge's expertise. Accordingly, we have considered the declaration to the extent it has a bearing on mootness and is instructive in fashioning a remedy to ensure the court complies with state law.

The declaration explains that Local Rule 5.11.02 is modeled on California Rules of Court, rule 3.1380(b), which requires parties to be personally present at mandatory settlement conferences in *civil* cases. The local rule "applies to both cases in which felony offenses are charged and those in which only misdemeanor offenses are charged." Judge Wagoner explains the difficulty his court has if a case is settled on the day of trial, noting that the courthouse does not have a jury assembly room and a panel is summoned for an individual department. He asserts that a defendant's presence at the readiness and settlement conference is necessary for "meaningful settlement negotiations and resolution of cases" prior to trial.

Judge Wagoner comments: "If the defendant is not personally present at the Readiness and Settlement Conference and the defendant has not signed a plea and waiver form and plea in abstentia [*sic*] form, the case cannot be resolved in advance." According to the judge: "Having the defendant available by telephone during the Readiness and Settlement Conference is not feasible. A case is not truly resolved until the defendant enters his or her plea on the record. The defendant could change his or her mind and decide not to plead guilty or no contest in a matter after agreeing to do so on the telephone and demand a trial. A plea by telephone will not work, as there are issues of the actual identity of the person who is purporting to enter the plea."

Judge Wagoner notes that the requirement of a defendant's personal presence under the rule "is only applied when there is still a possibility of settling the case." If "there is no hope of resolving a case" then the court will excuse a defendant's personal appearance. The judge also states that in "all cases," if good cause is demonstrated for excusing a defendant's personal appearance, the request to do so is granted. The judge adds: "Also, if counsel attends the Readiness and Settlement Conference with a signed plea and waiver form and plea in abstentia [*sic*] form, the defendant's personal presence is excused to the extent allowed by law."

## IV

### *Writ Proceedings*

Because the issues concern misdemeanor cases, petitioners filed a petition for writ of prohibition or mandate with the superior court in the first instance, on December 7, 2010. Petitioners requested relief for both current and future litigants. The superior court entered its order on the writ petition approximately one year later, on December 27, 2011, concluding that the issues set forth in the writ petition were moot because the underlying cases had all been resolved by plea or jury trial. As a partial explanation for the delay in entering its decision, the superior court explained: "It appears that this matter was heard by a temporary judge . . . on August 22, 2011 and that he deemed the matter submitted. He did not refer the matter back to the judge assigned to hear the case, and that judge did NOT deem the matter submitted."

In the meantime, on December 22, 2011, petitioners filed the current petition for writ of prohibition or mandate in this court. Petitioners subsequently filed a supplemental brief addressing the trial court's ruling on the mootness issue. In connection with that brief, petitioners submitted a recent order in a domestic battery case in which a defendant was ordered to personally appear at the readiness and settlement conference.

This court requested opposition from the People, the real party in interest in these matters (represented by the Attorney General). Real party in interest filed its opposition on January 17, 2012. On February 2, 2012, this court advised the parties that we were considering issuing a peremptory writ in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) On February 16, 2012, real party in interest submitted further opposition, including the declaration by Judge Wagoner. On February 23, 2012, petitioners filed a further reply.

## Discussion

## I

### *Mootness*

Preliminarily, real party in interest argues that the issues presented are moot. Real party in interest argues that a new petition could be filed in connection with another misdemeanor case.

The court may excuse mootness and reach the merits of an issue that is "capable of repetition yet evading review." (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967 [281 Cal.Rptr. 625].) Case law recognizes the need to address such issues, particularly in "matters of broad public interest that are likely to recur." (*In re Mark C.* (1992) 7 Cal.App.4th 433, 440 [8 Cal.Rptr.2d 856]; accord, *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621–1622 [267 Cal.Rptr. 746].)

We agree with petitioners that this petition presents an issue that is likely to recur while evading review. The trial court's rulings as well as the assistant presiding judge's declaration indicate that this petition raises issues of interest to all misdemeanor defendants in El Dorado County. A misdemeanor defendant has a relatively short window to seek relief considering that the issue in an individual case will be moot after the readiness and settlement conference (and is premature until that conference is set). Here, petitioners properly pursued relief in the first instance in El Dorado County since the underlying matters involve misdemeanor cases, but were unable to obtain a timely ruling.

That being said, our review of the current matters is limited. Even if the trial court erred in the underlying misdemeanor cases by requiring defendants' personal appearance at readiness and settlement conferences, there has been no showing that the error invalidates the subsequent proceedings in these cases. Accordingly, we exercise our authority in this writ proceeding to issue an opinion with wholly prospective application. (Cf. *Copley Press v. Superior Court* (1991) 228 Cal.App.3d 77, 82–83, 90 [278 Cal.Rptr. 443]; *Simmons v. Superior Court* (1988) 203 Cal.App.3d 71, 75, 77 [249 Cal.Rptr. 721].)

## II

### *The Validity of Local Rule 5.11.02 as Applied to Misdemeanors*

There is a threshold issue in this case, namely whether Local Rule 5.11.02 applies to misdemeanors. Petitioners claim the trial court erred by requiring them to appear at the readiness and settlement conferences and that the court acted pursuant to Local Rule 5.11.02. Neither real party in interest nor the superior court disputes that the local rule is being applied in, and is applicable to, misdemeanor cases.

"Generally, local rules of court and court policies have the force of procedural statutes, so long as they are not contrary to legislative enactments." (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 498 [256 Cal.Rptr.

296].) Accordingly, we shall consider whether application of Local Rule 5.11.02 to misdemeanors is inconsistent with the statutory scheme.

Real party in interest and Assistant Presiding Judge Wagoner assert that the local rule reflects a determination that a defendant's presence is necessary to hold a meaningful readiness and settlement conference. Consistent with that argument, real party in interest claims the trial court's orders (by Judge Proud) "made clear in each case that [the judge] was ordering the defendant to personally appear at the readiness and settlement conference so that a meaningful conference could be held (i.e., a settlement could in fact be reached) and to avoid the scenario in which a defendant comes to court on the day of trial, after a jury has been summoned, and then wants to resolve his or her case by plea."

A requirement that all misdemeanor defendants personally appear at a readiness and settlement conference is inconsistent with applicable case law and the statutory scheme. Section 977, subdivision (a) provides that a misdemeanor defendant may ordinarily appear through counsel. There are some exceptions, but real party in interest fails to identify any that are applicable here. Although some of the underlying matters involve DUI cases, as noted above, the statute provides that "in an *appropriate* case" involving a DUI charge "the court may order a defendant to be present for arraignment, at the time of plea, or at sentencing." (§ 977, subd. (a)(3), italics added.) Thus, the statute does not set forth any blanket exception for DUI cases. By way of contrast, there is a limited statutory exception for certain proceedings in misdemeanor cases involving domestic violence. The statute provides that the defendant "*shall be present* for arraignment and sentencing," and "when ordered by the court for the purpose of being informed of the conditions of a protective order issued pursuant to Section 136.2." (§ 977, subd. (a)(2), italics added.)

Relevant case law likewise indicates that a blanket policy requiring misdemeanor defendants' appearance at a particular proceeding in all cases is invalid. In *Olney v. Municipal Court* (1982) 133 Cal.App.3d 455, 458–459 [184 Cal.Rptr. 78] (*Olney*), the appellate court considered an argument that misdemeanor defendants could be required to appear at sentencing in all cases. The appellate court recognized that this would constitute a de facto policy of requiring a defendant's personal appearance at the readiness conference, since the majority of misdemeanor sentencings occurred at such conferences. (*Id.* at p. 458, fn. 2.) The appellate court concluded that the statutes allowed "misdemeanants to appear through counsel to respond to the charges against them unless the particular facts and circumstances underlying an individual case justify ordering an accused to personally appear at a particular sta[g]e of the proceedings." (*Id.* at p. 461.) The court observed: "At

the readiness hearing or sentencing, the municipal court can independently review the particular circumstances of the case and exercise its discretion in determining whether good cause exists for ordering the mandatory presence of defendant." (*Id.* at p. 462; accord, *Simmons v. Superior Court, supra,* 203 Cal.App.3d at p. 76.)

In so holding, the court in *Olney* recognized that the right to appear through counsel was conditional. A defendant who chooses not to personally appear must do so with knowledge of the proceedings, the court must be confident the defendant authorized counsel to act, and the court has the power to order a defendant to appear when necessary. (*Olney, supra,* 133 Cal.App.3d at pp. 460–461.) With respect to the last point, the court noted "the right to be absent is . . . conditioned upon the court's determination defendant's presence is unnecessary . . . ." (*Id.* at p. 461.) But the court commented: "[W]e can easily envision not only cases where defendant's presence would be necessary to properly conduct sentencing but also cases where defendant's presence would be completely unnecessary." (*Ibid.*) The court concluded: "Each misdemeanant must be accorded an individual judicial assessment of his case before any judicial determination requiring his presence at sentencing. Any other result would render the statutory right, provided by section 977, subdivision (a), and the remainder of the statutory scheme, a nullity." (*Id.* at p. 462.)

In the underlying matters, the trial judge noted that it would be difficult to have an effective readiness and settlement conference in which a defendant is not personally present. The assistant presiding judge likewise made some statements indicating that pursuant to the local rule and policy considerations, the only misdemeanor defendants who should be excused from personally appearing at the conference are those whose cases have no hope of settling.

Excusing a defendant's personal appearance in a misdemeanor case is consistent with the assistant presiding judge's representation that counsel may attend a readiness and settlement conference "with a signed plea and waiver form and plea in abstentia [*sic*] form." We likewise see nothing inherently difficult with having a defendant who is available by telephone enter a plea through counsel. Counsel can presumably provide appropriate assurance as to the defendant's identification and counsel's authority to act. (See *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 747 & fn. 3 [236 Cal.Rptr. 501].) If counsel has the authority to act on the defendant's behalf, the parties may even negotiate a settlement at the readiness and settlement conference itself. Counsel may reasonably ensure that the defendant agrees to the settlement's terms by communicating with the defendant by telephone.

The judge in this case, however, did not make any such allowances but instead required (consistent with Local Rule 5.11.02) the defendant to

personally appear in all cases at the readiness and settlement conference. Petitioners properly observe that a defendant who has been ordered to appear at the readiness and settlement conference is "not free to disregard the court's order that defendant be personally present and [instead] merely submit written plea and waiver forms in defendant's absence." "Such a mechanical policy ignores the necessary exercise of judicial discretion which must precede the deprivation of a misdemeanant's statutory right to be absent and appear through counsel." (*Olney, supra*, 133 Cal.App.3d at p. 462.)

We reject any implication that the trial judge required defendants to personally appear in the underlying cases based on consideration of the particular facts and circumstances of those individual cases. The court made no comments indicating any need to ensure a particular defendant's presence, such as concern about the defendant or the facts of a particular case. The court simply referred to a rule requiring a defendant's appearance, twice invoking the local rules and, in one case, making some comments suggesting it was a state rule. Local Rule 5.11.02 does not permit the court to excuse a defendant's appearance at the readiness and settlement conference.

Petitioners point out that the purpose of allowing defendants to appear through counsel is to allow them access to the courts without causing hardship to them. In misdemeanor cases, the possible fine or penalty is often small and the burden of appearance at a distant courthouse can exceed it. (See generally *Olney, supra*, 133 Cal.App.3d at p. 459.) Our statutory scheme recognizes the inherent differences in real-world consequences between felony and misdemeanor cases. The scheme balances efficiency and the need for a defendant's participation in proceedings with concerns of convenience and consideration of penalty.

In sum, we conclude that petitioners have made a sufficient showing that misdemeanor defendants are being erroneously required to appear at the readiness and settlement conference pursuant to a blanket court policy, supported by Local Rule 5.11.02. Accordingly, we shall issue a peremptory writ directing the court to reform its practices.

## Disposition

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the peremptory writ forthwith. (See *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d 171.) Let a peremptory writ of mandate (1) directing the El Dorado County Superior Court that Local Rule 5.11.02 is not to be applied, henceforth, in misdemeanor cases and (2) further directing the superior court to excuse misdemeanor defendants from personally appearing at the readiness

and settlement conference in cases in which counsel is empowered to represent their interests, absent a finding of good cause in a particular case or a specific statutory exception.

Robie, J., and Hoch, J., concurred.