Filed 11/25/15  P. v. Bankers Ins. Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BANKERS INSURANCE CO.,<br><br>    Defendant and Appellant. | H040224<br>(Santa Clara County<br>Super. Ct. No. C1106975) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BANKERS INSURANCE CO.,<br><br>    Defendant and Appellant. | H040225<br>(Santa Clara County<br>Super. Ct. No. C1226899) |

Defendant Shawna Jackson was arrested in two different cases involving felonies. Bankers Insurance Company (Bankers) posted bail bonds of $25,000 and $50,000 for her release.  During the course of a court proceeding involving both cases, she was told by the trial court that her cases would be set for a preliminary setting hearing two weeks later.  When Defendant failed to appear for the next hearing, the trial court forfeited her bail bonds.

Bankers moved to vacate the forfeitures and exonerate the bonds on the basis that the court was without jurisdiction to declare the forfeitures.  Bankers claimed that

because a preliminary setting hearing is not one of the court proceedings listed in Penal Code section 1305, subdivision (a)[1] that requires a felony defendant's mandatory appearance, and because the trial court did not specifically order her to appear, defendant was not lawfully required to appear at the hearing. The trial court denied the motion, summary judgments were entered, and Bankers appealed.

We conclude that, absent a written waiver of her right to be present, defendant was required to appear for the preliminary setting hearing under both section 977 and Santa Clara County Superior Court, Local Criminal Rule 3 (Local Rule 3). Because defendant had prior notice of the mandatory appearance and had not executed a written waiver, her failure to be personally present at the preliminary setting hearing gave the court jurisdiction to forfeit her bail. We affirm the judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

In case No. C1226899, defendant was arrested for three counts of second degree burglary (§§ 459, 460, subd. (b)), one count of willfully resisting, delaying, or obstructing any public officer, peace officer, or an emergency medical technician (§ 148, subd. (a)(1)), one count of making a false representation of identity to a peace officer (§ 148.9), and one count of burglary (§ 459). In case No. C1106975, defendant was arrested for one count of second degree burglary (§§ 459, 460, subd. (b)) and one count of petty theft (§§ 484, 488). In March 2012, Bankers posted a $25,000 bail bond and a $50,000 bail bond to release defendant from custody.[2] On June 19, 2012, when defendant appeared in court, the following colloquy ensued:

"THE COURT: As to Ms. Brown then, is it Ms. Jackson?

"MR. GUY: She's represented by A.D.O. on line 6 and 5B, and she's out of custody and present.

---

[1] Unspecified statutory references are to the Penal Code.
[2] The two bonds at issue here are bond Nos. 555079836-7 and 527143208-7.

2

"THE COURT: Thank you. Okay. There is a preliminary set for July 19. Is that to remain as set?

"MR. GUY: That is going to remain as set. We would like to come back in two weeks.

"MR. GOSHTASB: July 3rd, please, Judge, in the afternoon.

"THE COURT: So as to—let's just say July 3rd, afternoon.

"MR. GOSHTASB: Please.

"THE COURT: July 3rd, 2:00 p.m. Department 23 for preliminary setting with the understanding that the prelim date set for July 19th remains as set.

"PROBATION OFFICER: Yes, and all offers will be revoked if they don't plead?

"THE COURT: No, I have never heard that before. Thank you.

"MR. GUY: I have also Ms. Jackson's also number 6. Is that a V.O.P.?

"MR. HARRIS: No. That is another docket, Your Honor.

"THE COURT: That is July 3rd for prelim setting as to that remaining case?

"MR. GUY: Correct.

"THE COURT: Okay, folks, see you back July 3rd."

Defendant did not appear at the July 3, 2012 preliminary setting hearing. She had not executed a written waiver of her right to be present. Subsequently, the court ordered her bail forfeited. Defendant also failed to appear for the preliminary hearing on July 19, 2012.

On July 3, 2013, Bankers filed two motions to vacate the forfeitures and to exonerate bail, arguing the court was without jurisdiction to declare the forfeiture.

3

The court denied the motions to vacate and judgment was entered against Bankers on September 13, 2013.  Bankers appealed.[3]

## DISCUSSION

Bankers argues that the court did not have the jurisdiction to declare the forfeitures on July 3, 2012, because defendant's presence was not lawfully required at the preliminary setting hearing and the court never specifically ordered her to appear.  For the reasons explained below, we find that defendant was required to appear at the hearing under the provisions of section 977 and Local Rule 3.  Accordingly, we conclude that the court did not err when it declared the forfeiture and entered summary judgment against Bankers in both cases.

1. *Overview of Principles Underlying Bail Forfeiture*

"The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 (*Ranger*); accord, *People v. International Fidelity Ins. Co.* (2012) 212 Cal.App.4th 1556, 1561 (*International Fidelity*).)  "Because the law disfavors forfeitures," bail statutes must "be construed strictly to avoid forfeiture, and the procedures set forth therein must be ' "precisely followed or the court loses jurisdiction and its actions are void." ' " (*International Fidelity*, *supra*, at p. 1561, quoting *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300.)

Section 1305 states that a court shall forfeit bail if a defendant fails to appear for any of the following:  arraignment, trial, judgment, "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required,"

---

[3] Bankers appealed the summary judgment entered against it for the two bail bonds in case Nos. H040224 and H040225.  On August 29, 2014, the cases were ordered considered together for the purposes of briefing, oral argument, and disposition.

and to surrender himself or herself in execution of judgment after appeal.  (§ 1305, subd. (a)(4).)

An order denying a motion to vacate a bail forfeiture "is normally reviewed for abuse of discretion," but where, as here, the relevant facts are "undisputed and the dispositive issue is one of statutory construction, we apply an independent review standard."  (*International Fidelity*, *supra*, 212 Cal.App.4th at p. 1561.)

2.  *Nature of the July 3, 2012 Hearing*

First, we address the People's claim that the July 3, 2012 hearing was actually a "further arraignment," not a preliminary setting.  We find the People's characterization of this hearing faulty.

The People cite to the minute order after the hearing as proof that the July 3, 2012 hearing was a "further arraignment."  The minute order is where the confusion lies.  On the minute order, the checkbox for "Arr" (arraignment) is directly above the checkbox for "Atty Present."  The clerk appears to have checked the box for "Atty Present," but the marked line extends into the checkbox for "Arr."  Additionally, the checkbox for "PSet" is directly above the checkbox for "Further."  The clerk marked a line that went between these two checkboxes.  Therefore, there *is* some ambiguity in the minute order.  It can be viewed either as indicating the hearing was for a "further arraignment," as argued by the People, or for a "preliminary setting," as argued by Bankers.  However, during the June 19, 2012 hearing the court clearly stated that the July 3, 2012 hearing was for a "preliminary setting."

Accordingly, we do not find merit in the People's claim that the July 3, 2012 hearing was a further arraignment.  Any ambiguity present in the minute order is resolved by the court's statements during the June 19, 2012 hearing.  The July 3, 2012 hearing was a preliminary setting hearing.

3. *Defendant's Presence was Lawfully Required*

    a. **Section 977 and Local Rule 3**

Here, defendant failed to appear at a preliminary setting hearing, which is not an arraignment, trial, judgment, or a hearing where she was surrendering herself in execution of judgment after an appeal. (§ 1305, subd. (a).) Therefore, at issue here is whether the preliminary hearing setting qualifies as "[a]ny other occasion . . . [where] the defendant's presence in court [was] lawfully required." (§ 1305, subd. (a)(4).)

Some proceedings have been deemed to be occasions where a defendant's presence was "lawfully required" under section 1305, subdivision (a)(4), because there are specific rules of court or laws requiring a defendant's presence during that particular proceeding. In *People v. American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, the court held that California Rules of Court, former rule 227.6 (now rule 4.112) along with the defendant's notice of the hearing date rendered the defendant lawfully required to be present for a trial readiness conference within the meaning of section 1305.

There is no rule of court or statute that specifically compels a defendant to appear for a preliminary setting hearing. However, the People argue the court had jurisdiction to declare bail forfeited under Local Rule 3, which states: "(1) Consistent with California Penal Code § 977, in felony cases, *the defendant must be present each time his/her matter is called in court, including when matters are submitted, unless a written waiver is on file*. Absent a written waiver of appearance, failure of the defendant to appear will result in the issuance of a bench warrant. A written waiver of appearance shall not relieve a defendant from appearing at the Arraignment, Preliminary Examination, at the time of Plea, Master Trial Calendar (MTC), motions under Penal Code § 1050, and Sentencing." (Super. Ct. Santa Clara County, Local Rules, crim. rule 3.C.(1), italics added.)

Section 977, subdivision (b)(1) provides that "in all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea,

6

during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence." Section 977, subdivision (b)(1) also specifies that "[t]he accused shall be personally present *at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . .*" (Italics added.)

Defendant did not execute a written waiver of her right to be personally present. Accordingly, the issue is whether under Local Rule 3 and section 977, the preliminary setting hearing was a mandatory appearance.

Bankers argues that rules like Local Rule 3 and statutes like section 977 are meant to protect a defendant's due process right to be present during the critical stages of a criminal proceeding and should not be used in the bail forfeiture context. Whether section 977 can be utilized to determine whether a defendant is lawfully required to be present at a hearing for the purposes of forfeiting bail under section 1305 is an issue that is presently pending before our Supreme Court in *People v. Safety National Casualty Insurance Co.* (2014) 225 Cal.App.4th 438, review granted July 23, 2014, S218712, and *People v. American Contractors Indemnity Co.* (2014) 226 Cal.App.4th 1059, review granted August 13, 2014, S219842.

The People attempt to distance Local Rule 3 from section 977, arguing: "Respondent here is not claiming that [section] 977 triggers the application of Penal Code section 1305. Rather, Local Criminal Rule 3, by its own terms, is simply 'consistent with' [section] 977 and requires anyone accused of a felony to be present at all hearings unless a written waiver is on file with the court. Local Rule 3 does not cause the application of [section] 977. Instead, Local Criminal Rule 3 broadens the scope of those

appearances that are 'lawfully required' under Penal Code section 1305(a)(4)."[4] (Fn. omitted.)

However, given the language of Local Rule 3, we find the cases discussing section 977's role in forfeiting bail relevant to our analysis. Local Rule 3 echoes the same requirements set forth under section 977. By its very language, it is meant to be "consistent" with section 977. Therefore, Local Rule 3 may broaden the scope of those appearances that are lawfully required under section 1305, subdivision (a)(4) the same way that section 977 may broaden the scope of those appearances that are lawfully required. If section 977 is solely meant to preserve a defendant's due process rights, it is axiomatic that Local Rule 3 be read as "[c]onsistent with" section 977 for that purpose. (Super. Ct. Santa Clara County, Local Rules, crim. rule 3.C.(1).)

Thus, to determine whether defendant's presence was lawfully required, we turn to the cases discussing section 977.

b. **Section 977 and Due Process**

As we previously stated, our Supreme Court will ultimately decide whether statutes like section 977 can be utilized to forfeit bail. (*People v. Safety National Casualty Insurance Co.* (2014) 225 Cal.App.4th 438, review granted July 23, 2014, S218712, and *People v. American Contractors Indemnity Co.* (2014) 226 Cal.App.4th 1059, review granted Aug. 13, 2014, S219842.) In the meantime, there are cases that support Bankers' arguments and cases that support the People's claims to the contrary.

Consistent with Bankers' claims, some courts have construed section 977 as "designed to implement the defendant's due process right to be present at his trial and other proceedings." (*People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663,

---

[4] Local rules have the force of law if there is no legislative direction to the contrary. (*Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1110.)

8

669.)  Therefore, courts have held that section 977 does not require a felony defendant's presence for all court proceedings absent a court order.

For example, in *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341 (*Classified*), the defendant failed to appear at a hearing set by his defense counsel for a section 995 motion after his defense counsel was unable to notify him of the hearing date. The court declared his bail forfeited, and the surety appealed the denial of its motion to vacate the forfeiture and the subsequent summary judgment.  (*Classified*, *supra*, at pp. 343-344.)  The People argued that under section 977, the defendant's presence at the section 995 motion hearing was lawfully required; accordingly, his bail was properly forfeited under section 1305 when he failed to appear.  (*Classified*, *supra*, at p. 345.)

The appellate court in *Classified* rejected the People's argument regarding section 977, calling it "untenable."  (*Classified*, *supra*, 164 Cal.App.3d at p. 345.)  Citing *People v. North Beach Bonding Co.*, *supra*, 36 Cal.App.3d at page 669, the court reiterated that " '[t]he provisions in section 997 [*sic*] are designed to implement the defendant's due process right to be present at his trial and other proceedings.' " (*Classified*, *supra*, at p. 345.)  The court concluded that the People's construction of section 1305 with reference to section 977 would produce absurd results, since it would allow defense attorneys to place their clients in default even if their clients had no prior notice of a hearing date.  (*Classified*, *supra*, at p. 346.)  Therefore, the court held that "[a]bsent an order or other actual notification from the court that [defendant's] appearance was required at a given date and time, the failure of [defendant] to appear cannot be grounds for forfeiture of bail under section 1305."  (*Ibid*.)  And, the court went further and stated that "inasmuch as [the People's] construction of section 1305 would permit the forfeiture of bail in a situation where the defendant does not even have notice of the court date requiring his appearance, such a construction may well render section 1305 unconstitutional as violative of the due process right of notice."  (*Ibid*.)

9

*Classified*'s interpretation of section 977 has been favorably accepted by other courts. In *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 121 (*Sacramento Bail Bonds*), the court stated that "[t]he Court of Appeal [in *Classified*] correctly noted section 977 did not require" the defendant's presence at a section 995 hearing. (*Sacramento Bail Bonds*, *supra*, at p. 121, fn. omitted.) However, the court disagreed with *Classified* to the extent it suggested that a defendant's presence must be commanded by a specific court order since section 1305 did not contain such a requirement. (*Sacramento Bail Bonds*, *supra*, at p. 122.) But, the court concluded that the defendant's bail was properly forfeited when he failed to appear for a readiness conference, because his presence was compelled by California Rules of Court, former rule 227.6 (now rule 4.112), and he did not execute a written waiver pursuant to section 977. (*Sacramento Bail Bonds*, *supra*, at p. 121.)

The decisions in *North Beach Bonding Co.*, *Classified*, and *Sacramento Bail Bonds* lend credence to Bankers' claim that section 977, and, by extension, Local Rule 3, should not be used in the bail forfeiture context. However, we do not believe this interpretation of section 977 is reasonable based on the plain language of both sections 977 and 1305.

Section 1305 states that a court *shall* declare bail forfeited if a defendant is not present during an occasion where his presence *is lawfully required*. (§ 1305, subd. (a)(4).) Section 977 and Local Rule 3 both provide that a felony defendant shall be present at all proceedings unless he or she executes a written waiver with leave of court. (§ 977, subd. (b)(1); Super. Ct. Santa Clara County, Local Rule, crim. rule 3.C.) It is difficult to imagine how the wording of section 977 and the local criminal rule can be interpreted any way other than that felony defendants are *required* to be present at all hearings. The language of both section 977 and the local rule are clear and unambiguous. In short, section 977 and the local criminal rule are essentially *laws that require* a felony

10

defendant's appearance absent a waiver, and section 1305 states that bail shall be forfeited if a defendant does not appear at a *lawfully required* occasion.

We do not completely disagree with *Classified*, *North Beach Bonding Co.*, and *Sacramento Bail Bonds*. We agree with these cases to the extent they find that section 977 protects a defendant's constitutional right to be present during criminal proceedings. However, we disagree with their view that protection of a defendant's constitutional right to be present is section 977's sole function.

In fact, despite the contrary statements in *Classified*, *North Beach Bonding Co.*, and *Sacramento Bail Bonds*, courts have often looked to section 977 when analyzing bail forfeitures. In *International Fidelity*, *supra*, 212 Cal.App.4th 1556, a panel of this court utilized section 977, subdivision (a) when finding that a misdemeanor defendant was not required to appear at a pretrial conference. There, we stated that "[t]he bail statutes at issue in this case are Penal Code sections 977 and 1305." (*International Fidelity*, *supra*, at p. 1561.) Section 977, subdivision (a) provides that misdemeanor defendants can appear through counsel at pretrial proceedings unless he or she is ordered to appear at certain specified proceedings. The misdemeanor defendant in *International Fidelity* was *not* ordered to appear at the pretrial conference, and his counsel appeared on his behalf. Therefore, we concluded that under section 977, subdivision (a), he was not lawfully required to appear at the pretrial conference, and the trial court erred in forfeiting bail.

*International Fidelity* relied on *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742 (*American Bankers*). In *American Bankers*, the appellate court also cited section 977, subdivision (a) for its provision allowing misdemeanor defendants to appear through counsel. Like *International Fidelity*, *American Bankers* concluded that under section 977, subdivision (a), a misdemeanor defendant can appear through counsel at certain pretrial proceedings. *American Bankers* held that a trial court does not have jurisdiction to declare bail forfeited if an attorney appears on behalf of a misdemeanor

11

defendant unless the court ordered the misdemeanor defendant's presence, or if there was a factual showing that the attorney did not have authority to proceed on the misdemeanor defendant's behalf. (*American Bankers*, *supra*, at p. 747.)

In sum, *International Fidelity* and *American Bankers* analyzed whether a *misdemeanor defendant's* presence was lawfully required at a hearing by turning to section 977, subdivision (a). We would create an odd dichotomy if we were to find that section 977, subdivision (b), is inapplicable when determining whether a *felony defendant* is lawfully required to be present at a hearing. It would mean that one subdivision of section 977 is relevant to whether a defendant is lawfully required to be present at a hearing while the other subdivision of the same statute is, inexplicably, irrelevant.

Case law is also replete with other examples of situations where courts have either cited to or relied on section 977 in the context of bail forfeitures. In *People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, the trial court forfeited the defendant's bail after he failed to appear on the date set for sentencing. (*Id.* at p. 48.) Prior to sentencing, the defendant had also failed to appear for a hearing on a motion for a continuance for a preliminary hearing. (*Ibid.*) The surety moved to vacate the court's forfeiture, arguing that the court had lost jurisdiction to order bail forfeited after the defendant failed to appear for the hearing on the motion for a continuance for the preliminary hearing. (*Ibid.*) However, the defendant had executed a written waiver pursuant to section 977. Therefore, the court reasoned that neither section 977 nor section 1305 required his personal presence. (*People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, at p. 50.)

Similarly, this court discussed section 977 when analyzing whether a defendant was lawfully required to be present during a hearing in *Ranger*, *supra*, 66 Cal.App.4th 1549. In *Ranger*, the trial court forfeited the defendant's bail after he failed to appear at a hearing on the motion to continue the trial. Earlier, the defendant had also failed to

12

appear for the date set for the master trial calendar hearing.  (*Id*. at p. 1552.)  Thereafter, the surety moved to vacate the forfeiture, arguing the court had lost its jurisdiction to declare forfeiture when it did not do so at defendant's first nonappearance.  In beginning its analysis, this court set forth the provisions of section 1305, subdivision (a) and section 977, subdivision (b)(1) and (b)(2).  (*Ranger*, *supra*, at p. 1552.)  The *Ranger* defendant had executed a section 977 waiver, but this court concluded that the date set for the master trial calendar hearing was the date set for trial, whether or not trial occurs.  (*Ranger*, *supra*, at p. 1553.)  Accordingly, the defendant was required to attend the hearing and because he did not, the trial court lost jurisdiction to declare the forfeiture when he failed to appear at the later hearing.  (*Id*. at pp. 1554-1555.)

There are also several 19th century cases where the Supreme Court applied section 977 in the context of bail forfeitures.  In *People v. Budd* (1881) 57 Cal. 349, the Supreme Court concluded a misdemeanor defendant was not required to be personally present for trial under section 977 and reversed the trial court's forfeiture of bail due to the defendant's nonappearance.  (*People v. Budd*, *supra*, at p. 351.)  *Budd* cited *People v. Ebner* (1863) 23 Cal. 158, 160, which reached the same conclusion after an analysis of a similar former law under the Criminal Practice Act.

In sum, there are a multitude of cases, both predating and postdating *North Beach Bonding Co*., *Classified*, and *Sacramento Bail Bonds*, that expressly utilize section 977 in the context of analyzing bail forfeiture.  It therefore seems that the analysis set forth in *North Beach Bonding Co*., *Classified*, and *Sacramento Bail Bonds* are anomalous, and we respectfully disagree with these decisions to the extent they suggest section 977 does not mandate a felony defendant's presence during court proceedings absent a valid waiver.

Further, the basis for *Classified*'s reliance on precedent for the proposition that section 977 was designed to implement a defendant's due process rights is suspect.  Classified cited *North Beach Bonding Co*.  (*Classified*, *supra*, 164 Cal.App.3d at p. 345.)

13

In turn, *North Beach Bonding Co.* cited *People v. Williams* (1970) 10 Cal.App.3d 745 (*Williams*) to support its assertions regarding the due process implications of section 977.

*Williams* had nothing to do with bail forfeiture, however. In *Williams*, the issue was whether the defendant's right to due process of law was violated when he was not taken to court while in custody. (*Williams*, *supra*, 10 Cal.App.3d at p. 749.) *Williams* cited to section 977 for its provision requiring a felony defendant's presence during certain specified portions of the trial. The appellate court concluded that the defendant had not met his burden to demonstrate how he was prejudiced by his failure to appear in court for the specified hearing. (*Williams*, *supra*, at p. 752.) Consequently, no due process violation had occurred. In short, *Williams* does not stand for the proposition that section 977's sole purpose is to protect a defendant's constitutional right to be present. And, aside from *Williams*, *North Beach Bonding Co.* did not cite any other authority discussing section 977.

In part, *Classified* reasoned that section 977 does not compel a defendant's presence by claiming that such a construction would be "untenable" and would produce "absurd" results. (*Classified*, *supra*, 164 Cal.App.3d at pp. 345-346.) However, the absurd result contemplated in *Classified*—that a defendant may find his bail forfeited even if he does not have prior notice of a court date requiring his appearance—would be prevented by section 1305 itself. Bail is forfeited *only if the defendant does not have sufficient excuse* for his or her failure to appear at a required hearing. (§ 1305, subd. (a).)

We find *People v. Jimenez* (1995) 38 Cal.App.4th 795 (*Jimenez*) persuasive. *Jimenez*, in contrast to the bail cases discussed above, was an appeal by a defendant who was charged under section 1320.5 for failing to appear on a felony charge. The defendant in *Jimenez* had appealed his earlier conviction, which the appellate court affirmed. After issuance of the remittitur, the defendant's matter was calendared with the superior court and the defendant's counsel was advised of the hearing date and was told to secure the

14

defendant's presence.  (*Jimenez*, *supra*, at p. 798.)  The defendant failed to appear and a bench warrant was ordered for his arrest.  (*Ibid*.)

*Jimenez* concluded that the defendant's presence was required under a different statute and did not reach the issue of whether the defendant's presence was also mandated under section 977.  However, in dicta, the *Jimenez* court stated:  "The district attorney asserts Jimenez's presence after remittitur was required under section 977.  We would be inclined to agree.  Although the section may have been adopted to protect the defendant's due process rights, it nonetheless mandates his or her presence.  There is no danger the section would be used unfairly against a defendant who was ignorant of the court date because section 1305 only allows bail forfeiture if the defendant fails to appear 'without sufficient excuse.' "  (*Jimenez*, *supra*, 38 Cal.App.4th at p. 800, fn. 8.)

We agree with *Jimenez*'s characterization of section 977.  Section 977 and the local criminal rule protect a defendant's constitutional right to be present during criminal proceedings.  Nevertheless, these provisions still mandate a felony defendant's presence at all hearings absent a waiver.

Our conclusion is grounded in the principles that an appellate court's role in statutory construction is a conservative one.  Our function in construing a statute is simply "to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted."  (Code Civ. Proc., § 1858.)  Here, section 977, subdivision (b)(1) states that a felony defendant "shall" be personally present at "all other proceedings" unless a written waiver is on file, because no written waiver was on file the trial court properly forfeited her bail under section 1305.

c.  **A Defendant's Constitutional Right to be Present During Criminal Proceedings is a Separate Issue**

Bankers also advances the argument that a defendant's constitutional right to be present informs whether a defendant is lawfully required to appear.  According to Bankers, a defendant is not lawfully required to be present unless he or she is

15

constitutionally entitled to be present. And, a defendant is not constitutionally guaranteed the privilege of being present at all proceedings.

The cases cited by Bankers, however, are not applicable in the context of bail forfeitures. These cases stand for the proposition that a defendant's *constitutional right to be present* is not necessarily violated in certain situations if he or she is not present during some portions of a criminal proceeding.[5] (*People v. Wallin, supra*, 34 Cal.2d 777; *Waidla, supra*, 22 Cal.4th 690; *Bradford, supra*, 15 Cal.4th 1229.) For example, the court in *Bradford* noted that "[s]ections 977 and 1043 do not require the defendant's presence, or a written waiver," unless the defendant's presence bears " ' " 'reasonably substantial relation to the fullness of his opportunity to defend against the charge.' " ' " (*Bradford, supra*, at p. 1357.) However, *Bradford* did not address whether the defendant's appearance was lawfully required for the purposes of forfeiting bail. Rather, *Bradford* discussed whether the defendant was constitutionally entitled to be present.

_____

[5] Bankers notes that although a defendant has the constitutional right to be present and to participate in criminal proceedings, he or she also has the ability to waive these rights. (See *People v. Wallin* (1950) 34 Cal.2d 777 [ability to waive the right to confront witnesses].) Further, a defendant's constitutional right to be present at a criminal proceeding is not absolute. As discussed in *People v. Waidla* (2000) 22 Cal.4th 690 (*Waidla*), under the Sixth Amendment's confrontation clause a defendant does not have a right to be personally present at a criminal proceeding unless his or her presence is required to prevent " 'interference with [his or her] opportunity for effective cross examination.' " (*Id*. at p. 741.) And, under the Fourteenth Amendment's due process clause, "a criminal defendant does not have a right to be personally present at a particular proceeding unless he finds himself at a 'stage . . . that is critical to [the] outcome' and 'his presence would contribute to the fairness of the procedure.' " (*Id*. at p. 742.) Under the California Constitution, a criminal defendant also does not have the right "to be personally present 'either in chambers or at bench discussions that occur outside of the jury's presence on questions of law or other matters as to which [his or her] presence does not bear a " ' "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' " ' " (*Ibid*.) *Waidla* also noted that sections 977 and 1043 do not require the defendant's presence when he or she does not have the right to be present under the California Constitution. (*Waidla, supra*, at p. 742; *People v. Bradford* (1997) 15 Cal.4th 1229, 1357 (*Bradford*).)

This is a separate issue, and cases are not authority for propositions not considered. (*People v. Jones* (1995) 11 Cal.4th 118, 123, fn. 2.)

It may be true that a defendant can waive his or her constitutional right to be present or that a defendant's rights may not necessarily be violated if he or she is not present during all court proceedings. However, this does not mean that a felony defendant is not mandated by statute, for the purposes of section 1305, to be present during all hearings absent a waiver under section 977.

### d. Local Rule 3 and Section 977 are not "Blanket" Provisions

Next, Bankers argues that Local Rule 3 and section 977 are "blanket" provisions requiring a defendant's presence unless a written waiver is executed and that similar blanket provisions have been deemed invalid in the context of requiring a misdemeanor defendant's presence in court. In support, Bankers cites to *Bracher v. Superior Court* (2012) 205 Cal.App.4th 1445 (*Bracher*) and *Olney v. Municipal Court* (1982) 133 Cal.App.3d 455 (*Olney*).

However, *Bracher* is inapplicable here. *Bracher* concerned a Superior Court of El Dorado County local rule which required a misdemeanor defendant's personal presence at a trial readiness and settlement conference. (*Bracher*, *supra*, 205 Cal.App.4th at pp. 1451-1452.) This local rule was in tension with section 977, subdivision (a)(1), which provides that a misdemeanor defendant may ordinarily appear through counsel absent certain exceptions as outlined in section 977, subdivision (a)(2) and (a)(3). The appellate court therefore concluded that El Dorado County's local rule created an erroneous blanket policy where misdemeanor defendants were required to appear at a readiness and settlement conference, contravening the settled principles set forth under section 977, subdivision (a)(1). (*Bracher*, *supra*, at p. 1458.)

It also follows that *Olney* is similarly inapplicable. *Olney* concerned a blanket policy similar to the rule considered in *Bracher* that required all misdemeanor defendants

17

to be present at readiness and sentencing hearings. (*Olney*, *supra*, 133 Cal.App.3d at pp. 458-459.) Like *Bracher*, *Olney* concluded that such blanket policy violated a misdemeanor defendant's statutory right to appear through counsel. (*Id*. at p. 462.)

Unlike the local rule at issue in *Bracher* and *Olney*, the local rule at issue here is fully consistent with section 977. Additionally, unlike these blanket policies, the local rule does not contravene state law by requiring a defendant's presence at certain proceedings even if he or she has executed a valid waiver.

### e. No Court Order is Necessary to Render Mandatory Appearance "Lawfully Required"

Lastly, Bankers suggests that there must be a court order compelling a defendant's presence at a proceeding for the hearing to be lawfully required. Bankers relies on a case from the appellate division of the Superior Court of Los Angeles County, *People v. National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7 (*National Auto*). However, Bankers' reliance on *National Auto* is misplaced. *National Auto* itself acknowledged that if a defendant "fails to appear on a date ordered by the court (*or otherwise required by law*)," section 1305 requires a court to declare the bail forfeited absent a sufficient excuse. (*National Auto*, *supra*, at p. Supp. 9, italics added.) A court order is not an absolute necessity if the defendant is statutorily required to appear.

Bankers' position that a specific court order commanding a defendant's appearance is required is supported by dicta in *Classified*. However, as we previously noted, that proposition has been rejected by other appellate courts.

As stated in *Sacramento Bail Bonds*: "To the extent *Classified Ins.* suggests in dictum that 'before a court can forfeit bail a defendant's appearance must [always] be required by a specific court order commanding his appearance at a date and time certain' (164 Cal.App.3d at p. 344), we respectfully decline to follow it. To our knowledge no other case has construed section 1305 to require categorically such an order of court. Although *Classified Ins.* relied on *People v. National Auto. & Cas. Ins. Co.* (1977)

18

77 Cal.App.3d Supp. 7, the latter case expressly recognized section 1305 was satisfied '. . . when a defendant fails to appear on a date ordered by the court (*or otherwise required by* law, such as to surrender for judgment . . . .)' (*National Auto.*, *supra*, 77 Cal.App.3d at Supp. 9, italics added.) Moreover, *Classified Ins.*'s dictum is at odds with the established rule permitting forfeiture of an appeal bond. Although section 1305 governs such a forfeiture, it is well recognized a forfeiture is appropriate where a defendant fails to surrender himself following an appeal even though the defendant has received no court order stating the time or place of his surrender." (*Sacramento Bail Bonds*, *supra*, 210 Cal.App.3d at p. 122.) We agree with *Sacramento Bail Bonds'* analysis.

Moreover, as this court concluded in *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, "[a] defendant's presence is 'lawfully required' when there is 'a specific court order commanding his appearance at a date and time certain' [citation], or when a defendant has notice because he or she is present when the date and time for a mandatory appearance are set, even though the court did not specifically order his or her personal presence." (*Id.* at p. 1304.)

In defendant's case, the preliminary setting hearing was a mandatory appearance under section 977 and Local Rule 3, since defendant had not executed a written waiver of her right to be personally present. Further, defendant had notice of the date and time of the mandatory appearance, because she was present when it was set. As a result, she was lawfully required to be present during the hearing.

f. **Summary**

Section 977 mandates a felony defendant's presence during all proceedings if a defendant has not executed a written waiver. Defendant did not execute a written waiver, and she had adequate notice because she was present when the preliminary setting hearing was set. Therefore, she was lawfully required under section 1305,

19

subdivision (a)(4) to be present at the hearing, and the trial court had jurisdiction to declare her bail forfeited when she failed to appear.  Consequently, the court properly denied Bankers' motions to vacate the forfeitures and made no error when it entered summary judgment against Bankers in case Nos. H040224 and H040225.

## DISPOSITION

The judgments in both case Nos. H040224 and H040225 are affirmed.

_____

                                    Walsh, J.[*]


        WE CONCUR:



_____

        Rushing, P.J.




_____

        Elia, J.




People v. Bankers Insurance Co.
H040224; H040225

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.