Filed 1/5/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,

    Plaintiff and Respondent,

      v.

FINANCIAL CASUALTY & SURETY, INC.,

    Defendant and Appellant.

G053419

(Super. Ct. No. 08CM09805)

O P I N I O N

Appeal from a judgment of the Superior Court of Orange County, Thomas A. Delaney, Judge. Affirmed.

Law Office of John Rorabaugh, John M. Rorabaugh and Robert Tomlin White, for Defendant and Appellant.

Leon J. Page, County Counsel and Carolyn M. Khouzam, Deputy County Counsel for Plaintiff and Respondent.

\*          \*          \*

A surety posted a $50,000 bail bond for a misdemeanor defendant. Throughout the case, defendant's attorney appeared on his behalf: "In all cases in which the accused is charged with a misdemeanor only, he or she may appear by counsel only . . . ." (Pen. Code, § 977, subd. (a)(1).)[1] The trial court granted defendant probation, continued several probation violation hearings, and eventually ordered defendant to personally appear. When defendant failed to appear, the court ordered the bond forfeited.

On appeal, the surety argues that section 977 does not allow attorneys to appear on behalf of misdemeanor defendants at probation violation hearings; therefore, the surety contends that the trial court should have declared a forfeiture at an earlier point in time. We disagree and affirm the judgment. We hold that under section 977, an attorney may appear on behalf of a misdemeanor defendant at a probation violation hearing.

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, the People filed a misdemeanor complaint charging defendant Raul Esteban Ramirez Santillan with driving under the influence and other related traffic offenses. (Veh. Code, §§ 23152, subds. (a) & (b), 12500, subd. (a).) In February 2009, Santillan pleaded guilty to all charges. The trial court suspended imposition of sentence and granted him three years informal probation. In June 2009, the court received notice that Santillan had violated various terms of his probation. The court issued a bench warrant and set bail at $50,000.

In February 2012, the police arrested Santillan on the outstanding warrant. Financial Casualty & Surety, Inc. (the surety), posted a $50,000 bail bond. Santillan

---

[1] Further undesignated statutory references will be to the Penal Code.

appeared in court with retained counsel for a hearing on his failure to appear. The trial court set a probation violation hearing and ordered Santillan to return.

In May 2012, Santillan failed to appear. The court ordered the bond forfeited and issued a second warrant for Santillan's arrest. In October 2012, the surety filed a motion to extend the time for the forfeiture of the bond for 180 days. The court granted the motion.

In April 15, 2013, the trial court recalled the warrant and the surety filed a reassumption of the bond.[2] The court ordered the forfeiture vacated, reinstated the bond, and reset the probation violation hearing. The court continued the probation violation hearing over a dozen times over the course of just over a year. At each hearing, Santillan did not personally appear, but he appeared though counsel. In June 2014, the court ordered Santillan to personally appear at the next probation violation hearing.

On July 28, 2014, Santillan failed to personally appear. The trial court ordered the bond forfeited, issued a third warrant for Santillan's arrest, and eventually entered a summary judgment against the surety for $50,000. The surety filed a motion to set aside the judgment. The court denied the motion and the surety timely appealed.


II

DISCUSSION

"The term 'bail' refers 'to the undertaking by the surety into whose custody the defendant is placed that he will produce the defendant in court at a stated time and place.'" (*County of Los Angeles v. Williamsburg National Ins. Co.* (2015) 235 Cal.App.4th 944, 949.) A bail bond "'is a contract between the surety and the

---

[2] The surety states that defendant was present at this hearing. This is a logical inference given that the trial court recalled the warrant; however, the clerk's transcript states otherwise. Ultimately, this fact is not relevant to the resolution of the issues in this appeal.

government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond.'" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.)

"If a criminal defendant out on bail fails to appear when lawfully required to do so, the trial court must declare bail forfeited." (*People v. Tingcungco* (2015) 237 Cal.App.4th 249, 253.) If the court fails to declare a forfeiture when required "to do so, it loses jurisdiction and the bond is exonerated by operation of law. [Citations.] The court does not have jurisdiction to declare a forfeiture later." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 49.)

Section 1305 provides: "(a)(1) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is *lawfully required*." (Italics added.)

Here, on July 28, 2014, Santillan failed to appear for a probation violation hearing after being ordered to be there in person. We find that the trial court properly forfeited the bond because Santillan's presence was "lawfully required." (See *People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144 [when a court orders the defendant to appear in court, his or her "presence in court is lawfully required," within the meaning of section 1305, subdivision (b)(4), and a court may order bail forfeited if the defendant fails to appear as required by the order].)

Nonetheless, the surety argues that under section 977, an attorney can never appear on behalf of a misdemeanor defendant at a probation violation hearing. Thus, according to the surety, the trial court's failure to declare forfeiture at "[Santillan's] initial

4

unexcused non-appearance" delayed its fugitive investigation, and "divested [the court] of jurisdiction to subsequently declare forfeiture of the bond." [3]

This issue presents a question of statutory interpretation, which we review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) In construing a statute, we follow well-established principles. The primary goal is to ascertain legislative intent so as to effectuate the purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) The words of a statute, which are the most reliable indicator of legislative intent, are to be given their "'usual and ordinary meanings.'" (*People v. Lawrence* (2000) 24 Cal.4th 219, 230-231.) Where the statutory language is unambiguous, courts are to presume the Legislature meant what it said, and the plain meaning of the language governs. (*Ibid.*)

Section 977, subdivision (a)(1), states: "*In all cases* in which the accused is charged with a misdemeanor only, he or she may appear by counsel only . . . ." (Italics added.) There are two statutory exceptions, which are not relevant here. (§ 977, subd. (a)(1) & (2).)

It is well understood that a criminal "case" generally commences upon the filing of a complaint and remains the same "case" throughout the subsequent proceedings, up to and including sentencing. "The first pleading on the part of the [P]eople in a misdemeanor or infraction *case* is the complaint . . . ." (§ 949, italics added; *People v. Soria* (2010) 48 Cal.4th 58, 64-65 ["a 'case' is a formal criminal proceeding, filed by the prosecution and handled by the court as a separate action with its own number"]; *People v. Superior Court* (*Mitchell*) (1993) 5 Cal.4th 1229, 1233 [penalty phase is part of a criminal "case"]; *People v. Stuckey* (2009) 175 Cal.App.4th 898, 909

---

[3] The surety does not specify the date of the "initial unexcused non-appearance." The surety's opening brief notes 17 dates prior to July 28, 2014, in which defendant "did not appear in court at hearings that required his appearance to adjudicate his alleged probation violation." However, two of those dates (April 25, 2012, and May 8, 2012) were before the surety filed a reassumption of the bond (April 15, 2013).

["The Fifth Amendment's right against self-incrimination expressly applies to any 'criminal case,' not 'criminal trial,' and 'criminal case' includes sentencing"].)

We think that the meaning of the phrase "in all cases" is unambiguous and a probation violation hearing is simply a part of the underlying misdemeanor "case." Therefore, we hold that a misdemeanor defendant is entitled to have an attorney appear on his or her behalf at a probation violation hearing under section 977; the defendant's personal appearance is not "lawfully required," until such time that the court orders a defendant to personally appear. (§ 1305, subd. (a)(1)(D).)

This interpretation of section 977 effectuates the purpose of the statute, which is to allow criminal defendants to waive their presence at various stages of criminal proceedings. (*Simmons v. Superior Court* (1988) 203 Cal.App.3d 71, 74 & fn. 2 [section 977 applies at arraignment]; *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 301-302, fns. 10 & 11 [section 977 applies at entry of guilty plea]; *Olney v. Municipal Court* (1982) 133 Cal.App.3d 455, 461 [section 977 applies at trial readiness and sentencing hearings].) This inclusive interpretation of section 977 is particularly true as to misdemeanor defendants. (*People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 746-747 [the attorney's authorization to appear on behalf of the misdemeanor client need not be in writing; "the attorney's representation that he or she is authorized to proceed in the defendant's absence is sufficient," unless a local rule requires written authorization].)

The surety argues that once a defendant is convicted he is no longer *charged* with, nor is he *accused* of a misdemeanor, therefore any subsequent probation violation hearings are not included within the "case" under section 977. The surety's interpretation of the statute is somewhat contrived and wholly unsupported by case law. Taken to its logical extreme, this argument would also apply to a sentencing hearing (a defendant has also been convicted at that point). But it is settled law that a misdemeanor defendant may waive the right to be personally present at sentencing. (See *Olney v.*

6

*Municipal Court*, *supra*, 133 Cal.App.3d at p. 461; § 1193, subd. (b) ["If the conviction be of a misdemeanor, judgment may be pronounced against the defendant in his absence"].)

In misdemeanor cases, a trial court may generally grant unsupervised or "summary" probation. (§ 1203b; *People v. Caron* (1981) 171 Cal.App.3d 236, 246.) However, a court may revoke, modify, or terminate probation at any time before the term expires, after conducting a probation violation hearing. (§§ 1203.1-1203.3.) Indeed, if the imposition of sentence has been suspended, and a trial court revokes probation, the court may take the defendant into custody and impose a sentence up to the maximum punishment allowed for the underlying charge. (§ 1203.1.) Thus, at probation violation hearings, courts routinely take into account the defendant's actions, including what has occurred during the entirety of the underlying "case," in order to decide whether to revoke, modify, or terminate probation.

Moreover, when granting probation, trial courts ordinarily *suspend* the imposition of sentence, as happened in this case. (§ 1203.2, subd. (c).) In other words, Santillan's sentence had not been imposed, and therefore the same criminal "case" continued during his probationary period. There is simply no basis to conclude that a probation violation hearing is not part of a defendant's continuing criminal "case."

Finally, the surety points out there is a different standard of proof at a probation violation hearing than at a criminal trial. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 348-349.) While that observation may be accurate, it is unremarkable and irrelevant. Different standards of proof apply at preliminary hearings and various pretrial evidentiary hearings, but the surety could not credibly argue that those hearings are not a part of a particular defendant's same underlying criminal "case."

Simply put, there is nothing unique about a probation violation hearing that separates it from the rest of a criminal "case." Under section 977, Santillan was lawfully

7

entitled to have his counsel appear on his behalf, until the point at which the trial court ordered him to be personally present.  The lower court properly declared a forfeiture of the bond when Santillan failed to personally appear at that particular hearing.


III

DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.