Filed 10/25/23  P. v. R.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>R.G.,<br><br>    Defendant and Appellant. | E079979<br><br>(Super.Ct.No. FVI21000815)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Dismissed.

Paul R. Krauss, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant, R.G., appeals from an order declaring that he was mentally incompetent to stand trial pursuant to Penal Code[1] sections 1368, 1369, and 1370, and ordering his commitment. On appeal, he claims the court erred in ordering an "incompetent to stand trial" (IST) maximum commitment time of three years, where the time is statutorily limited to two years, and that he should have been awarded 291 days credit against the maximum commitment term for time served under a prior commitment. Defendant also argues his counsel provided ineffective assistance by failing to insure the accurate calculation of his IST commitment time.

The People argue the appeal should be dismissed for mootness because defendant's competency was restored after the notice of appeal was filed, at which time defendant entered a nolo contendere plea, was sentenced to 2 years 8 months in prison, with credit for 1472 days served. We dismiss the appeal as moot.

## BACKGROUND

On April 29, 2021, defendant was charged by an amended information with two counts of criminal threats against separate victims, pursuant to section 422, subdivision (a). It was further alleged that defendant used a knife in the commission of the criminal threats, in violation of section 12022, subdivision (b)(1), that he had previously been convicted of a serious felony in violation of section 667, subdivision (a)(1) (a so-called

---

[1] All further statutory references are to the Penal Code, unless otherwise specified.

nickel prior), and that he had suffered a prior conviction for a serious or violent felony under the "Three Strikes" law, pursuant to section 1170.12, subdivisions (a) through (d).

On May 10, 2021, defense counsel expressed a doubt as to defendant's competence to stand trial, resulting in the appointment of a medical commission to evaluate his condition. Following the appointment of a second doctor, on July 6, 2021, the court found defendant was not competent, and suspended criminal proceedings. On August 3, 2021, defendant was committed to the Department of State Hospitals (DSH) for treatment to restore his mental competence.

On April 27, 2022, the Jail-Based Competency Treatment (JBCT) Program issued a Certificate of Restoration to Mental Competence. On May 20, 2022, based on the report of JBCT and the Certificate of Restoration to Mental Competence, the court found defendant competent and reinstated criminal proceedings. On May 27, 2022, defendant was arraigned on the amended information, and entered not guilty pleas to all counts and denied special allegations.

On June 1, 2022, the People filed a second amended information, containing the same counts charging the substantive crimes of criminal threats, along with the same enhancement allegation of knife use, but added allegations under section 1170, subdivision (h)(3).[2] However, before defendant could be arraigned on this pleading, another doubt as to his competence to stand trial was declared, proceedings were again

---

[2]  The second amended information also rearranged the allegations regarding defendant's prior convictions, placing the enhancement allegation under section 667, subdivision (a)(1) and the strike allegations under sections 667, subdivision (b) through (i) and 1170.12, subdivisions (a) though (d), separately from the charged counts.

suspended, and a medical commission was appointed again. After competency evaluations were conducted, on September 16, 2022, the court found defendant mentally incompetent. He was again committed to DSH for treatment. At the October 11 hearing, the court set his maximum commitment time at three years and awarded him 575 days credit for time actually served. That same day, defendant appealed from this order.

The People requested judicial notice of postappeal proceedings and on June 16, 2023, we granted that request, deeming the exhibits provided by the People as part of the record on appeal. Those documents reveal that on February 27, 2023, the court considered updated reports regarding defendant's condition and his IST treatment, as well as a new Certificate of Restoration to Mental Competence (although there is no copy of this document in the transcripts) and found defendant mentally competent to stand trial; criminal proceedings were again reinstated.

On March 21, 2023, the court arraigned defendant on the second amended information. After entering his not guilty pleas and denials, the defendant then entered a plea of nolo contendere to count 1 and admitted the strike allegation pursuant to the People's agreement to dismiss count 2, the knife enhancements to both counts, and the enhancement alleged pursuant to section 667, subdivision (a)(1) (the nickel prior). Pursuant to the plea bargain (in which defense counsel did not join), the court dismissed count 2 and the knife enhancements and the nickel prior enhancements. As provided by the agreement, probation was denied, and defendant was committed to state prison for the

4

low term of 16 months, doubled to 32 months due to the strike allegations, and he was awarded 1472 days as credit for time served.

**DISCUSSION**

Defendant appealed from the most recent order of commitment to DSH, arguing the trial court erroneously set the maximum term at 3 years rather than the cap of 2 years for such commitments, and that defendant's commitment time should be further reduced by the 291 days he spent in the prior commitment. Defendant also argues he was deprived of effective assistance of counsel when his attorney informed the trial court that the maximum commitment time was 3 years, rather than 2.

The People argue that the appeal should be dismissed for mootness because, subsequent to the filing of the appeal, defendant's competence was deemed restored, criminal proceedings were reinstated, and he was convicted by guilty plea and sentenced. In reply, defendant acknowledges the postappeal proceedings, but asserts we should reach the merits anyway because his claims are capable of repetition but likely to evade review. We conclude the issue is moot and dismissal is necessary.

It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue. (E.g*., Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1205-1206.) A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case

5

before it.'"  (*In re D.P.* (2023) 14 Cal.5th 266, 276, quoting *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)  A case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'"  (*Consol. etc. Corp.,* at p. 863.)

Thus, when no effective relief can be granted, an appeal is moot and will be dismissed.  (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)  "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."  (*Vernon v. State of California* (2004) 116 Cal.App.4th 114, 120-121, citing *Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 921; see also *People v. DeLong* (2002) 101 Cal.App.4th 482, 486; *In re Joel H.* (1993) 19 Cal.App.4th 1185, 1193.)

We acknowledge we have discretion to reach the merits of otherwise moot claims when they involve "matters of broad public interest that are likely to recur"  (*Bracher v. Superior Court* (2012) 205 Cal.App.4th 1445, 1455; *In re Mark C.* (1992) 7 Cal.App.4th 433, 440; *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622; ), or issues "capable of repetition yet evading review."  (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967.)  But here, there is no showing the alleged error falls into those categories.

First, the error has not been shown to be an error committed in other cases, such that if affects broad public interest or is likely to recur, ever. It was plainly a mistake caused by inadvertence, given the plain language of the statute. Further, because defendant was given credit for 1472 days, which is more than 4 years, defendant's request for an addition 291 days credit appears too modest, insofar as it is less than the amount of credit the court ordered.

Additionally, besides the mootness problem, there is a mathematical problem indicating the alleged mistake wrought no prejudice to defendant. Defendant's credit for 1472 days of presentence time served includes all presentence time served, both in mental health facilities and in county jail. Those credits exceed both the maximum term of commitment and the sentence term imposed, so any attempt to impose a longer commitment or a longer sentence would be unauthorized.[3] Thus, there is no possibility of future suspensions of criminal proceedings relating to the current charges for reasons relating to defendant's competence.

His sentence of 2 years 8 months amounts to 972 days, which would render his sentence fully served as of the date judgment was pronounced. The criminal proceedings are no longer pending because they were disposed by a no contest plea, so there is no risk

---

[3] His sentence of 2 years 8 months amounts to approximately 972 days, which would render his sentence fully served as of the date of pronouncement of judgment. Any excess time served in custody and in commitments, is credited against his parole term. (*People v. Wilson* (2020) 53 Cal.App.5th 42, 47-48, citing *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005.)

of suspension of proceedings affecting the current charges pursuant to section 1367, et seq., because the judgment is now final.

In short, no effective relief is possible under the facts of this case. The appeal must be dismissed.

### DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

8